ELIZABETH SHAFER, "Respondent, v. FORD F.
HARVEY and ROBERT J. DUNHAM, Receivers
of the MET. ST. RY. CO., Appellants.

**Kansas City Court of Appeals, February 21, 1916.**

1. **DAMAGES: Negligence: Pleading: Special Damages.** Un-
der an allegation that the "back, spine, ribs and all of the in-
ternal organs of plaintiff were seriously injured and the body
and limbs of the plaintiff severely bruised and wounded, caus-
ing the plaintiff great pain in body and mind, and impairing
the strength, activity and vitality of the plaintiff, all of which
injuries are permanent" proof of paralysis, atrophy and emacia-
tion of the arms and shoulder, which the evidence showed were
not bodily injuries but were conditions resulting some time
after the injury, was not admissible because not specially
pleaded.

2. ————: ————: ————: ————: **General Damages.** Gen-
eral damages are those which necessarily and by implication
of law result from the act or default complained of. Special
damages, as contradistinguished from general damages, are those
which are the natural but not the necessary result of the act
complained of. Damages which are the natural but not the
necessary result of the injury complained of must be specifically
alleged in the petition.

Appeal from Jackson Circuit Court.—*Hon. W. O.
Thomas,* Judge.

REVERSED AND REMANDED.

*John H. Lucas, Chas. A. Stratton* and *Chas. M.
Salder* for appellants.

*Guthrie, Gamble & Street* for respondent.

TRIMBLE, J.—Plaintiff boarded one of the cars
of the Metropolitan Street Railway Company then be-
ing operated by the defendant receivers. Before she
had time to become seated, so the petition alleges, the

car was negligently and violently started with a great jerk throwing plaintiff down and injuring her. The petition charges that the "back, spine, ribs and all of the internal organs of plaintiff were seriously injured, and the body and limbs of the plaintiff severely bruised and wounded, causing the plaintiff great pain in body and mind, and impairing the strength, activity and vitality of the plaintiff, all of which injuries are permanent."

Under the foregoing allegation the plaintiff was permitted to introduce evidence relating to a paralysis of her left hand, a partial paralysis of her right, and to an emaciation or atrophy of the muscles of her arm and shoulder. The question presented by the appeal is, was evidence of these conditions admissible under the above quoted allegation?

The distinction between general damages and special damages is thus stated in 8 Am. and Eng. Ency. of Law (2 Ed.), 542 and 543: .

"General damages are those which necessarily and by implication of law result from the act or de fault complained of."

"Special damages, as contradistinguished from general damages, have been defined as those which are the natural but not the necessary result of the act complained of."

And the general rule for pleading damages is thus stated in 13th Cyc. 176:

"If the damages sought to be recovered are those known as special damages, that is, those of an unusual and extraordinary nature, and not the common consequence of the wrong complained of or implied by law, it is necessary in order to prevent surprise to the defendant that the declaration state specifically and in detail the damages sought to be recovered."

At the time this case was tried, the cases of Gurley v. Missouri Pacific Railway, 122 Mo. 141, and of

Moore v. St. Louis Transit Company, 226 Mo. 689, announced the rule in this State as to the admissibility in evidence of conditions arising from an injury but not specifically pleaded. Prior to these two cases, the rule theretofore existing was that "if the results which the offered evidence tends to show are the natural *and* necessary consequences of the act pleaded, then they are general damages and the evidence. is admissible under a general pleading; but if such results are the natural but *not* necessary consequences of the wrong pleaded, then they are special damages and the evidence is not admissible." [Cooley v. Kansas City Elevated R. Co., 170 Mo. 42, l. c. 45; Thompson v. St. Louis etc. R. Co., 111 Mo. App. 465.] The two Supreme Court cases modified this rule somewhat, holding that, in order to be proven without being specifically pleaded, a natural result did not have to be a *necessary* result but only a usual one reasonably expected to follow from the injuries inflicted and alleged. [225 Mo. 689, l. c. 703.] And the trial court in the case at bar finally admitted the testimony as to paralysis and atrophy on the theory that it was admissible under the rule obtaining in those cases. Since the trial of this case, however, the Supreme Court, in the case of Hall v. Manufactures Coal and Coke Co., 260 Mo. 351, disapproved of the holding in the Gurley and Moore cases and went back to the former rule, namely, that special damages, which are the natural but not necessary result of the injury complained of, must be specifically alleged in the petition. Under the rule established by this latest announcement of the Supreme Court, was the evidence above mentioned admissible?

It will be observed that the paralysis and emaciation or atrophy testified to are not "bodily injuries" received at the time of the fall but are *conditions resulting* from the bodily injuries received at that

time. Concerning such *conditions*, GRAVES, J., in Price v. Metropolitan St. Ry. Co., 220 Mo. 435, l. c. 466, says:

"If the plaintiff proposed to rely upon conditions and diseases growing out of the alleged bodily injuries, then specific pleading thereof should be required, or the evidence excluded."

His opinion in this case was adopted as the opinion of the court en Banc. And in his dissenting opinion in the Moore case (226 Mo. l. c. 710) Judge GRAVES said:

"It is a well-known fact that from certain kinds of physical injuries, certain results will thereafter inevitably follow. In other words, that such injuries will naturally produce certain conditions and diseases. In such case an allegation in the petition of the injury inflicted would justify proof of such conditions and diseases as would of necessity follow the injury and as to such conditions and diseases, the defendant must come prepared to defend. But, on the other hand there are other physical injuries which may or may not produce resulting conditions or diseases. For instance, an injury to the lung might superinduce pneumonia, but not necessarily so. An injury to the nervous system might produce blindness, but not necessarily so. These conditions or diseases last mentioned may as readily come from other causes as from the physical injury or injuries. In such case, the petition should be specific, to the end that the defendant could come prepared to meet the issues and show that the condition or disease was not caused by the physical injury. This he cannot do if the unpleaded conditions or diseases are sprung upon him for the first time at the trial."

And further on in the same opinion he says (page 711):

"I am of opinion that if a particular injury is sued for in general terms, and if from that injury cer-

tain results, conditions, or diseases will inevitably follow, then proof can be made under the general allegation, because defendant must come prepared to defend against that physical injury and all of its inevitable consequences, conditions and diseases. But on the other hand, if in general terms, a specific physical injury is pleaded, and such injury may or may not produce certain subsequent conditions or diseases, then in my judgment the petition should aver the resulting conditions or diseases, before proof thereof should be admitted. This to the end that fairness may reign in the trial of causes. This to the end that defendants may know what they are required to meet before having it sprung upon them during the trial.''

These remarks are quoted with approval in the Hall case, page 373, and consequently now represent the views of the Supreme Court.

Plaintiff now contends that the evidence of paralysis and atrophy was within the pleaded issues since there was an allegation that by reason of the injuries to the back, spine, etc., her strength, activity and vitality were impaired. But a reading of the record clearly discloses that it was not offered as evidencing loss of activity or vitality nor was it necessary to be proved in order to establish such impairment. It was offered separately and distinct from evidence in regard to that, and the form of the questions asked show that the express purpose was to prove *conditions* resulting from the pleaded injury to the spine. Moreover, these conditions were ''those of an *unusual* and *extraordinary* nature, and not the common consequence of the wrong complained of,'' and were such as might have arisen from some other cause, i. e. the age of the defendant, she being eighty-two years old. This being so, the defendant would not be apprised of such unusual and extraordinary results by the general allegation of the petition, and, if the evidence is to be held

admissible, would be deprived of the opportunity of showing that it came from some other cause. Hence, under the rule enunciated by the authorities above quoted, there must be an allegation of such special damages before the evidence can be admitted.

Again, the allegation as to impairment of activity, strength and vitality would be taken to refer to the injuries alleged and not as a general statement including something not alleged. And, therefore, the general allegation of impairment of the strength, activity and vitality, is not such a general allegation as includes paralysis, emaciation, or atrophy. Certainly a general allegation of lessened activity could not, by any effort of the imagination, be stretched so as to include emaciation or atrophy.

Plaintiff makes the point that the evidence, if not admissible to show conditions or to prove damages, was admissible to prove that *the spine was injured.* In other words, to argue from effect back to cause, these conditions were *objective symptoms* which showed an injury to the spine, and the evidence could be regarded as coming within the purview of the remarks made by GANTT, J., in reference to objective symptoms in Reardon, Admr. v. St. Louis, etc. R. Co., 215 Mo. 105, l. c. 135. Conceding merely for the sake of the argument (but without deciding), that the evidence would be admissible, even if such conditions were not pleaded, where the injury alleged could not be established otherwise than by showing results which could be traced only to the injury pleaded, still the point cannot avail plaintiff anything: First, because there were other objective manifestations of injury to plaintiff's spine, and proof thereof was properly made, so that there was no necessity of resorting to unpleaded results in order to argue from them back to an otherwise undiscoverable cause; Second, because, the evidence, when plaintiff finally succeeded in getting it

before the jury, was not adduced to prove that the spine had been injured, but to show results (and those of an unusual and extraordinary nature), flowing from a spinal injury that had been already testified to.

The case was not tried until some time after the petition was filed. Plaintiff admits that the conditions revealed by the evidence to which objection is made, did not arise until some time after the filing of the petition. One of defendant's physicians examined plaintiff about two weeks after the injury, and, according to his evidence, there were merely some bruises on her right and left hips and knee and the skin was scarified from the knee to the ankle, but there was nothing that would not heal readily in a short time and nothing to indicate that such conditions as are now complained of would arise. The instructions certainly authorized the jury to consider the paralysis and atrophy in estimating the damages, because they told the jury that the verdict, if for plaintiff, should be in such amount "as you may find from the evidence will reasonably compensate the plaintiff for such injuries to her back and spine, body and limbs, if any, as you may find to have naturally resulted from and followed directly from and as the natural result reasonably to be expected from such injuries, if any," etc.

We think the evidence objected to related to results and conditions which should have been specially pleaded if plaintiff desired to prove them, since in that way only would the defendant be apprised of the fact that plaintiff was going to charge defendant with having caused them. As we said in Cooley v. Railroad, supra:

"It would seem that the above is a safe and excellent rule to follow in order to determine whether certain evidence is admissible under a pleading of general damages. That is, if the results are the natural *and* necessary consequences of the wrong pleaded, then

the evidence is admissible; but if they are the natural, but *not* necessary consequences of such wrong, then evidence thereof is not admissible. This would work no hardship on the plaintiff since he can either plead them, or at the trial, amend his petition so as to include any "natural but not necessary" results—i. e., special damages—and thus give the defendant notice of what he is called upon to meet."

At any rate such is the rule now announced by the Supreme Court if we correctly understand the scope and meaning of the decision in the Hall case.

Plaintiff in her brief intimates that if any error has been committed by the admission of such evidence, the same can be cured by remittitur. But, as one of our number asked at the oral argument, who can determine how much of the damages awarded were for the conditions which were shown to have arisen afterward but which were not pleaded?

Our view of the case makes it unnecessary to go into the question of whether or not the verdict is excessive.

For the reasons set forth in the foregoing opinion, the judgment is reversed and the cause is remanded for a new trial. The other judges concur.