FRED B. PARKELL, Appellant, v. ALONZO L. FITZ-PORTER and LOUIS E. PRINTY.

In Banc, November 20, 1923.

1. **PLEADING: Former Suit: Identity of Causes of Action.** The identity of the cause of action in the instant case and of the cause of action in a former suit rests upon the facts pleaded in the answer, and not upon the mere naked statement that they are identical.

2. **BAR TO ACTION: Former Adjudication: Identity of Causes: Same Injury.** There can be but one satisfaction for the same demand. So that where plaintiff sued the present defendants for damages for personal injuries and recovered judgment, which was satisfied, and defendants plead that judgment and satisfaction in bar in the instant case, the question for determination is whether the injury for which he seeks damages in the instant case is the same injury for which he recovered damages in the former case.

3. ———: ———: ———: **Different Injuries: Malpractice: Collision.** Judgment and satisfaction in an action against a physician for negligently causing his automobile to strike plaintiff and break and crush his leg are not a bar to a subsequent action for malpractice against the same physician for negligently and unskillfully dressing his broken leg and sewing up a garter buckle, cinders and parts of his clothing in the wounds and mangled parts, causing inflammation, infection and gangrene to develop. The injuries were not the same; they were caused by different negligent acts; they did not grow out of the same relation between plaintiff and defendant; the causes of action were separable. It would be unjust and illogical to say that plaintiff's contributory negligence in the collision would defeat his action for malpractice.

4. ———: ———: ———: **Different Evidence: Different Parties.** If different evidence is required to sustain the two causes of action, they are not the same. Likewise if in an action at law, a new

party has intervened, either jointly or severally, a new cause of action in respect to satisfaction has been created.

5. ———: ———: ———: Chauffeur: Physician. A chauffeur who carelessly runs his automobile upon plaintiff and thereby inflicts a wound into which a metal garter buckle is driven is guilty of a wrong independent of the wrong done by him in his capacity as a physician in ignorantly and unskillfully sewing the garter buckle into the wound, thereby inducing inflammation, infection and gangrene.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm,* Judge.

Reversed.

*Bishop & Claiborne* and *Albert E. Hausman* for appellant.

(1) Persons who act separately, each causing a separate injury, cannot be made jointly liable (though the injuries thus inflicted are all committed at one time). 1 Shearman & Redfield (5 Ed.) pars. 122, 123; De Donato v. Morrison, 160 Mo. 591. (2) Where tortfeasors act independently of each other and their several wrongs are committed at different times, the tort of each, being several when committed, does not become joint because its consequences united with the consequences of the other. Each is liable, therefore, only to the extent of the injury done by himself. Staehlin v. Hochdoerfer, 235 S. W. 1060. (3) The tortfeasor who negligently injures another by running him down with an automobile, and the physician who subsequently negligently treats the injury, are not joint tortfeasors. Each is liable for the extent of injury done by him only. The causes of action are not identical. Staehlin v. Hochdoerfer, 235 S. W. 1062; Benson v. St. Louis, 219 S. W. 575. (4) Judgment and satisfaction thereof against one independent tortfeasor is no bar to another action, contemporaneous or subsequent, against another independent tortfeasor, unless the independent torts resulted in the same injuries. Staehlin v.

Hochdoerfer, 235 S. W. 1062. (5) The scope and effect of a judgment must be determined by the allegations of the petition. Charles v. White, 214 Mo. 187. Where the second suit is not upon the identical claim or cause of action, the former judgment operates as an estoppel only as to those matters which were in issue and actually litigated and determined. Dickey v. Heim, 48 Mo. App. 114; LaRue v. Kempf, 186 Mo. App. 57. (6) The judgment in the original case could not embrace damages from gangrene or infection, because gangrene and infection was not pleaded as a result of the injury sustained. Thompson v. Railroad, 111 Mo. App. 465; Smith v. Rys. Co., 227 S. W. 866; Fink v. Rys. Co., 219 S. W. 679; Hall v. Coal & Coke Co., 260 Mo. 351; Johnson v. Ry. Co., 192 Mo. App. 9. (7) A judgment in the first suit is conclusive in a subsequent suit only as to the facts thereby established; for the scope of the estoppel created by the first judgment cannot be extended beyond the points and issues necessarily determined by it. St. Joseph v. Union Ry. Co., 116 Mo. 636.

*Anderson, Gilbert & Wolfort* for respondents.

Where a party suffers an injury but one satisfaction can be had for that injury, no matter how many people may have caused or contributed to cause the injury. Martin v. Cunningham, 93 Wash. 517; Dulaney v. Buffum, 173 Mo. 1; Almquist v. Wilcox, 115 Minn. 137; State to use v. Railways, 126 Md. 300. Injuries due to the mistakes or want of skill of physicians are regarded as part of the original injury, and the original wrongdoer is liable therefor. Elliott v. Kansas City, 174 Mo. 554. The case of Staehlin v. Hochdoerfer, 235 S. W. 1060, does not sanction a recovery by plaintiff.

BROWN, C.—The petition was filed September 20, 1919, and states, in substance, that at the times mentioned the defendants were physicians and surgeons engaged in the practice of their profession in the city of St. Louis,

representing themselves to be skilled in their profession; that on the 8th day of October, 1917, while plaintiff was on a public street in the city of St. Louis, the defendant Fitzporter, driving an automobile on the same street, carelessly and negligently ran said automobile into and against plaintiff, by which plaintiff was greatly injured and suffered great pain of body and anguish of mind. It then proceeds as follows:

"That his left leg was broken, crushed and shattered, so that the bones thereof were splintered and broken and caused to protrude through the flesh and skin; that a part of a metal clasp from plaintiff's supporter or garter, dirt and cinders from the street and pieces of cloth from the plaintiff's clothing, were driven through and into the skin and flesh and into the wounds caused by the protrusion of said bones and other wounds caused by defendant driving and running said automobile into and against the plaintiff, as above described.

"Plaintiff further states that the said defendant Fitzporter, after so running into and against plaintiff as above described, caused plaintiff to be put into his said automobile and taken to the St. John's Hospital, located at Euclid Avenue and Parkview Place, in the city of St. Louis, Missouri; that defendant Fitzporter then called in defendant Printy; that the said defendants then proceeded to dress said plaintiff's wounds and to set his leg; that defendants so negligently and unskillfully conducted themselves in and about the setting of said left leg and dressing said wounds that through their negligence and unskillfulness said part of the supporter or garter buckle, dirt and cinders from the street, and parts of clothing were left in one or more of said wounds, which were sewed up by said defendants, causing inflammation to set in and said wounds to become infected, and gangrene to develop therefrom, causing plaintiff to nearly lose his life and causing him great pain and mental anguish, and permanently injuring, laming and disabling plaintiff.

"Plaintiff states that by reason of said negligence and unskillfulness of defendants, as aforesaid, he was

caused to be confined to said hospital for a period of more than six months, confined to a wheel chair for an additional period of three months, and for an additional period of eight months he was required to use crutches and a cane, all of which time he was totally incapacitated from performing any kind of work or labor for which he was competent, and that his said leg has not yet fully recovered. Plaintiff further states that he was compelled and did necessarily pay out and spend large sums of money for medicines, nursing and care, and has been and still is disabled from attending his former occupation, and that he is permanently injured, lame and disabled.''

The petition then lays plaintiff's damage at $25,000, for which he asks judgment. On December 2, 1920, the defendants filed a joint answer, which, omitting formal parts, is as follows:

''Come now the defendants and for answer to the petition of plaintiff filed herein, deny each and every allegation in said petition contained.

''For further answer, the defendants state that on the eighth day of October, 1917, plaintiff, while riding upon a motorcycle, collided with an automobile owned and operated by defendant Fitzporter, and that as a result of such collision plaintiff's left leg was broken, crushed and shattered so that the bones thereof were splintered and broken and caused to protrude through the flesh and skin. The plaintiff's body was badly bruised and a metal clasp from plaintiff's supporter or garter, dirt and cinders from the street and pieces of cloth from plaintiff's clothing were driven through and into the skin and flesh and into the wounds caused by the protrusion of said bones and other wounds, so that plaintiff's leg was, on account of said injuries as aforesaid, permanently injured and weakened and would always be weak and stiff as the result thereof and that on account of said injuries plaintiff was confined to the hospital from October 8, 1917, to March 10, 1918.

''That thereafter, on July 19, 1918, plaintiff, through J. B. Parkell, his next friend, instituted a suit against

Alonzo L. Fitzporter, one of the defendants herein, said suit being styled Fred B. Parkell, by J. B. Parkell, his next friend, plaintiff, v. Alonzo L. Fitzporter, defendant, and being cause No. Series B 18, 763, Division No. I, in the Circuit Court, City of St. Louis, October term, 1918, a copy of the petition in which cause aforesaid, together with a copy of the minutes or proceedings in said cause, being marked 'Exhibit A,' attached hereto and made a part hereof, and charging that the said injuries were caused by the negligence of the said Alonzo L. Fitzporter in negligently and carelessly operating an automobile in the city of St. Louis, Missouri, and that as a result of said injuries plaintiff was confined to the hospital from October 8, 1917, to March 10, 1918, and that his leg had not, at the time of the filing of said petition, healed, but was permanently injured and weakened and would always be weak and stiff.''

The plaintiff thereupon filed his motion to strike out all the matter contained in the answer, excepting only the general denial, on various grounds, which may be included in the statement that it constituted no defense to the action stated in the petition, because the matter so pleaded in the answer as a former recovery and satisfaction is a separate and distinct cause of action from that stated in this petition. The motion to strike out was overruled, and the plaintiff declining to plead further, judgment was entered for the defendants, from which plaintiff has taken this appeal.

The petition in the original suit against the defendant Fitzporter was referred to, filed and made a part of the answer, and described the injury sued for as follows: ''The plaintiff was greatly injured and damaged and has suffered great pain of body and anguish of mind; that plaintiff's left leg was broken, crushed and shattered, so that the bones thereof were splintered and broken and caused to protrude through the flesh and skin; that the plaintiff's body was badly bruised; that a metal clasp from plaintiff's supporter or garter was driven into the flesh of said leg, and that plaintiff was confined to the

hospital from October 8, 1917, to March 10, 1918, and that said leg was not yet healed, but is permanently injured and weakened and will always be weak and stiff.''

I.  The only question presented by the record is whether the injuries suffered by plaintiff in the collision of the automobile operated by the defendant Fitzporter with the motorcycle upon which the plaintiff was riding, were the same injuries for which he is now suing both these defendants as joint tortfeasors. The first suit, prosecuted to final judgment, which was satisfied while plaintiff was still a minor, was founded upon the negligence of the defendant Fitzporter in the operation of his automobile.  This suit is founded upon the joint malpractice of Fitzporter and Printy, physicians and surgeons, in the medical and surgical treatment of the plaintiff for the same injuries and complications thereof arising from such treatment, Printy having been called by Fitzporter, who had picked plaintiff up and taken him to a hospital for that purpose.

*Pleading.*

The answer, after pleading the statements of the petition in the first suit relating to the character and extent of the injury, makes the same petition a part of his pleading, and avers generally that these injuries are the same injuries for which recovery and satisfaction were had in that suit.  The defendants now say that their plea may stand alone on that charge, notwithstanding the fact there may be nothing, either in the petition so pleaded or in the statement of its terms in their answer, showing the identity of the cause of action pleaded in both suits.  They cite no authority, nor do they state any reason in support of this statement, and it stands on no better foundation than would the assertion that a prayer for judgment would cure the omission of the facts upon which it was or might have been predicated.  We will, therefore, assume that the identity of the cause of action at issue in these two suits rest upon the facts pleaded in this answer, and not upon the naked statement that they were identical.

The answer states that ''on the 8th day of October, 1917, plaintiff, while riding upon a motorcycle, collided

with an automobile owned and operated by defendant Fitzporter, and that as a result of such collision plaintiff's left leg was broken, crushed and shattered, so that the bones thereof were splintered and broken and caused to protrude through the flesh and skin. The plaintiff's body was badly bruised, and a metal clasp from plaintiff's supporter or garter, dirt and cinders from the street and pieces of cloth from plaintiff's clothing were driven through and into the skin and flesh and into the wounds caused by the protrusion of said bones and other wounds, so that plaintiff's leg was, on account of said injuries as aforesaid, permanently injured and weakened and would always be weak and stiff as the result thereof, and that on account of said injuries plaintiff was confined to the hospital from October 8, 1917, to March 10, 1918.''

A careful comparison of the petition in the suit against Fitzporter instituted by plaintiff on July 19, 1918, fails to show any allegation of the petition relating to the character and extent of the injury charged, other than is contained in the answer and already quoted, so that in confining our inquiry to those statements of fact at issue in the previous suit as shown by this answer, no injustice can result and unnecessary repetition will be avoided. We will therefore recur to the real question presented by the appeal, which is whether or not this case presents the same cause of action presented and tried by agreement before Judge Garesche without a jury in the former suit by plaintiff against the defendant Fitzporter.

II. The question raised upon the record in this case, reduced to its lowest terms, is whether the injury for which damages are now sought is the same injury for which damages were recovered in the former case pleaded in the joint answer of the defendants. If it is, then the amount has been liquidated by the judgment in that case, and has been fully paid by its satisfaction; otherwise, the liability asserted in this suit remains unaffected by any proceeding in the former one. We understand this prop-

*Different Injuries and Causes: One Satisfaction.*

osition to be admitted by all parties. There can be but one satisfaction exacted for the same demand. Before proceeding further in the discussion of this question it can do no harm to refer, with some detail, to what we have already said in the late case of Staehlin v. Hochdoerfer, 235 S. W. 1060.

In that case the plaintiff, an employee of Fox Brothers Manufacturing Company, was injured February 10, 1912, by being thrown from a wagon on the premises of the company and through its fault. On September 19, 1912, he sued the company, alleging in his petition that by reason of its negligent acts his right leg was broken near the ankle, and the flesh mangled and crushed; that while said injuries were being treated blood poisoning set in; that in order to save his life it became necessary to amputate the leg and it was amputated at the upper part of the thigh. The damages for the injuries alleged, including the loss of the limb, were laid at $30,000. On January 16, 1913, plaintiff instituted another suit against the Fox Brothers Manufacturing Company in which, in addition to the original negligence, he pleaded that defendant took charge and control of plaintiff and the care and treatment of his injuries. "That because and on account of the unskillful and careless acts and omissions of defendant and the surgeons selected by defendant in and about the care and treatment of his said injured leg, and because of the blood poison and infection that were brought about by said negligent acts and omissions, the said leg became inflamed and decomposed, because of all of which, and the amputation of said leg, the suffering from the original injury was greatly intensified, augmented, and prolonged, and plaintiff was thereby caused to suffer and endure, and did suffer and endure, and will while he lives continue to suffer and endure, great physical pain and mental anguish, and has been compelled to pay out and become liable for large sums of money, to-wit, $1,000, in the care and treatment of his said leg, and will hereafter be compelled to pay out and become liable for additional large sums of money in the care and treatment of his said

leg, and in the purchase and repair of an artificial leg to take the place of the leg which he lost through defendant's said negligence.'' Judgment for $25,000 was asked.

On February 20, 1914, the plaintiff's first suit against the Fox Brothers Manufacturing Company was disposed of by the payment of $1300, in consideration of which the plaintiff released them from all liability in any way growing out of said injury, and the second suit was dismissed. On the same day the other suit against the Fox Brothers Manufacturing Company was dismissed upon a stipulation filed by the plaintiff that in consideration of $50, he released the Fox Brothers Manufacturing Company from any and all claims growing out of or in any wise connected with any act which the said company did to him, or caused to be done to him, or failed to cause to be rendered to him, in connection with the matter charged in said suit, and that the release of the said Fox Brothers Manufacturing Company should not be a release of any doctors or persons employed by the company in connection with the matters charged in said suit.

The defendant physicians pleaded the payment of these two sums of money in satisfaction of the claim upon which the suit against them was prosecuted, and the signing of the stipulations being admitted by the plaintiff the court rendered judgment accordingly. This court held that, although the injuries charged in both suits against the company included the injuries caused by the negligence of the physicians, the different causes of action were not joint, but several in their nature, and the release of the company in connection with the circumstances exhibited the intention of the plaintiff to hold the defendant surgeons liable for all acts resulting from their own negligence in the treatment of the plaintiff, although they were employed by the company and represented it in the performance of that duty.

We accordingly reversed the judgment of the circuit court and remanded the case to the trial court for further proceedings upon that theory.

We are still satisfied with that opinion. The principle which underlies it is simple and well established. The duty of a surgeon to bring skill and care to the amelioration of the condition of his patient, does not arise from contract, but has its foundation in public considerations which are inseparable from the nature and exercise of his calling. Although the relation of physician and patient may be, and is perhaps generally, created by contract, the duty of the physician when he assumes it is fixed by rules which operate independently of its origin. He may be employed by a stranger, or take up the burden of treatment for purely humanitarian reasons, yet his duty to have the requisite knowledge and to employ it with the care made necessary by the occasion, is to his patient. [21 R. C. L. 379.] We know of no case in which it is held that an action will not lie by the patient against the physician or surgeon for a violation of the duties resulting from the relation, notwithstanding that others have intervened in his employment. It is upon this principle that we held in Staehlin v. Hochdoerfer, supra, that the misconduct or negligence of the surgeon in the performance of his duty toward his patient, the plaintiff, gave the latter a several cause of action against him independently of the fact that he was employed by the person responsible for the injury which called for the service. As in that case we held that the injured plaintiff might release his employer from all liability for misconduct or negligence of the surgeon he had employed to treat the injury, without prejudice to his right to proceed against the surgeon for his own negligence in augmenting the damage, we now, for the same reasons, hold that this plaintiff had the right to sue the wrongdoer who inflicted the original injury to plaintiff by the improper management and operation of his automobile, for the damage necessarily resulting from such injury, and the surgeon who aggravated the injury by negligent or unskillful treatment, and to recover from each the amount of damages resulting from his own act or omission without prejudice to his separate right of action against the other.

These causes of action are no less separable and distinct when both wrongs are committed by the same person to the same victim. It would be dallying with justice to say in a case of this kind, that the physician who should injure another, ever so slightly, by running against him with his automobile, should assume to treat his injury, and in that capacity inflict serious and permanent disability by malpractice, could defeat an action for the malpractice by showing that his patient had been guilty of negligence contributing to the original injury, yet that effect would seem to follow the conclusion that the malpractice merged in and became a part of the original wrong.

III. This is a suit for malpractice in the dressing and treatment of injuries received by the plaintiff from being run upon by an automobile driven and owned by one

Different Causes and Injuries.

of the defendants, both of whom were practicing physicians and surgeons at the time. The defendant Printy was called to the hospital by the defendant Fitzporter who inflicted the injury, to assist him in that work, which the petition alleges was performed by both. The defense pleaded is a former recovery from Fitzporter for the same injury in a suit against him founded upon negligence in the operation of his automobile. The case turns upon the question whether damages caused by the malpractice now charged were included in the recovery had in the former suit. We restate the facts that we may have them in mind in the consideration of the question upon which the case turns.

The petition in the former case as pleaded in this answer, states that "on the eighth day of October, 1917, plaintiff, while riding upon a motorcycle, collided with an automobile owned and operated by defendant Fitzporter and that as a result of such collision plaintiff's left leg was broken, crushed and shattered so that the bones thereof were splintered and broken and caused to protrude through the flesh and skin. The plaintiff's body was badly bruised and a metal clasp from plaintiff's supporter

or garter, dirt and cinders from the street and pieces of cloth from plaintiff's clothing were driven through and into the skin and flesh and into the wounds caused by the protrusion of said bones and other wounds, so that plaintiff's leg was, on account of said injuries as aforesaid, permanently injured and weakened and would always be weak and stiff as the result thereof and that on account of said injuries plaintiff was confined to the hospital from October 8, 1917, to March 10, 1918.''

The petition in this case charges the malpractice relied on as follows: That at the time of the accident the defendant Fitzporter took the plaintiff to St. John's Hospital, where he ''called in defendant Printy; that the said defendants-then proceeded to dress said plaintiff's wounds and to set his leg; that defendants so negligently and unskillfully conducted themselves in and about the setting of said left leg and dressing said wounds that through their negligence and unskillfulness said part'of the supporter or garter buckle, dirt and cinders from the street, and parts of clothing were left in one or more of said wounds, which were sewed up by said defendants, causing inflammation to set in and said wounds to become infected and gangrene to develop therefrom,'' which caused the plaintiff to nearly lose his life, permanently injuring and disabling him. Condensing these statements, we observe that while the original petition charges as the injury inflicted by the automobile that the bones of plaintiff's leg were broken and shattered and protruded through the flesh and skin, and a metal clasp from his garter, dirt and cinders from the street, and cloth from his clothing, were driven into the wounds, this petition charges that the defendant doctors negligently and unskillfully sewed these things into the wound causing infection and gangrene and permanent injuries. These circumstances, so far from being necessary results of the injuries stated in the original petition were entirely independent of those injuries and were not even admissible in evidence in that case. [Hall v. Coal & Coke Co., 260 Mo. 351; Elliott v. Kansas City, 174 Mo. 554; Fink v. United

Rys. Co., 219 S. W. 679; Smith v. United Rys. Co., 227 S. W. 866; Shafer v. Harvey, 192 Mo. App. 502.] No rule of law is more firmly settled in this State, not only by the authorities to which we have just referred, but also by many others involving the question in one or more of its manifold forms, than that the plea of general damages in a petition of the character we are now considering only includes such damages as are the necessary result of the wrong pleaded as the foundation of the liability asserted; in other words, such damages must follow as a conclusion of law from the facts stated. If the recovery of such special damages requires the support of other and independent facts occurring at a different time and place from the facts stated in the petition, it is evident that they amount to a separate and distinct cause of action with respect to the facts constituting the wrong, and their legal effect in terms of damage. If in a suit at law a new party has intervened, either jointly or severally, a new cause of action has been created with respect to which satisfaction cannot be had in the original suit.

Applying these principles to the suit before us we find no difficulty in arriving at the conclusion that the chauffeur who carelessly runs his automobile upon another, inflicting a wound into which a metal garter buckle is driven, is guilty of a wrong independent of the wrong done by himself in the capacity of a surgeon in connection with another surgeon in carelessly, unskillfully and ignorantly sewing the garter buckle into the wound and thereby inducing infection and gangrene, which in turn works permanent disability to the injured party. These two cases, that is to say, the suit for malpractice in sewing the garter buckle into the wound and the suit for negligently producing the same wound are founded on two separate and distinct causes of action having no necessary legal connection whatever, and the judgment and satisfaction in the suit against the chauffeur does not bar the suit for malpractice against these two surgeons.

Chauffeur as Physician.

Our duty extends no further than to determine the case on the pleadings as they now stand, and we accordingly reverse the judgment of the St. Louis Circuit Court and remand the cause to that court for further proceedings as the parties may be advised.

PER CURIAM:—The foregoing opinion of BROWN, C., in Division One, is hereby adopted by Court in Banc; *Woodson, C. J.,* and *Graves, Walker* and *White, JJ.,* concur; *James T. Blair, J.,* concurs in the result; *David E. Blair* and *Ragland, JJ.,* dissent.