### SEYMOUR v CARROLL et

Ohio Appeals, 1st Dist, Hamilton Co

Decided Jan 18, 1932

Clark & Robinson, Cincinnati, for plaintiff in error.

Harry Neal Smith, Cincinnati, and Frank L. Leonard, Cincinnati, for defendants in error.

HAMILTON, J.

The rule is that there can be but one satisfaction exacted for the same demand.

The question here is whether the injury for which damages are now sought is the same injury, and the consequences thereof, for which the release was given to the first wrongdoer, Hugh Doran.

The general rule is that, where one who has suffered personal injuries by reason of the negligence of another exercises reasonable care in securing the services of a competent physician or surgeon, and his injuries are thereafter aggravated or increased by the negligence, mistake, or lack of skill of such physician or surgeon, the law regards the negligence of the wrongdoer in causing the original injury as the proximate cause of the damages flowing from the subsequent negligent or unskillful treatment thereof, and holds him liable therefor. The cases on this proposition are collated in 8 A.L.R., 506, and this general rule is sustained in practically all of the states, with the possible exception of the state of Missouri, which will be later referred to. The rule is so recognized in Ohio in the reported case of **Loeser v Hum-**

phrey, 41 Oh St, 378, 52 Am. Rep., 86.

Under this rule, Hugh Doran, was liable for the original injury and any and all aggravations thereof. The courts state in the cases that, while the aggravation of the injury may have been caused by unskillful treatment, the proximate cause of the result is the original act of negligence of the first wrongdoer. The reasoning and logic then are that Doran was liable for the injury, including the aggravation, if any, and for this liability he was given a full and complete release and discharge without reservation.

The terms of the release are of the most sweeping character. Had plaintiff reserved in the release any consequential damages, by reason of liability of any other persons, she would have brought herself within the rule of law pronounced by the Supreme Court in the case of **Adams Express Co. v Beckwith, 100 Oh St, 348, 126 NE 300**, where, in the third paragraph of the syllabus, the court states: "Where such written releases expressly provide that the release is solely and exclusively for the benefit of the parties thereto, and expressly reserves a right of action as against any other wrongdoer, such reservation is legal and available to the parties thereto."

While it is true that in the Express Company case the question involved joint tort-feasors, we see no reason why the rule should not apply as between concurrent wrongdoers severally liable.

Plaintiff in error relies largely on the case of Parkell v Fitzporter, decision by the Missouri Supreme Court, reported in 301 Mo., 217, 256 SW, 239, and in 29 A.L.R., 1305.

The Parkell case is a malpractice case. The defense was a prior settlement with the original wrongdoer. In that case the automobile of a physician, operated by a chauffeur, struck and injured Parkell, breaking and mangling his leg. The doctor, whose automobile caused the injury, undertook to treat the injury, and in the treatment sewed a metal garter clasp into the wound, causing gangrene to develop, resulting in plaintiff nearly losing his life and in permanently injuring, laming, and disabling him. While the Parkell case has some characteristics bearing on the right to maintain a malpractice case after settlement with the original tort-feasor, it is easily distinguished from the general rule, in that the sewing of a metal clasp into the wound may not be classed as a treatment of the injury, but an aggravated tort in itself, which could not have been reasonably anticipated as a result of the original injury. The court held that one injured by the negligent operation of an automobile by a physician who, after the accident, undertook, with the assistance of another, to treat his injuries, might recover damages for the negligent injury, and also maintain a separate action for aggravation of the injuries by unskillful treatment.

The court held that the judgment and satisfaction in the suit against the chauffeur did not bar the suit for malpractice against these two surgeons.

The Parkell case is in some respects like the case of Purchase v Seelye, 231 Mass., 434, 121 NE, 413, 8 A.L.R., 503, where it appears that the physician employed to operate on the plaintiff for hernia mistook his man and operated on the wrong side. The plaintiff had released the railroad company, the first wrongdoer. The court say in the opinion: "All the cases cited and relied on by the defendant are distinguishable from the case at bar because of the fact that the defendant did not intentionally operate upon the plaintiff for the injury received, as he did in those cases, but mistakenly understood and believed that he was operating upon another patient for a different injury."

The court held that the release to the railroad company was not a defense to the action, and was not admissible in evidence.

And, in conclusion, the court observed: "In some jurisdictions it is held that in an action against the original wrongdoer, if a surgeon by mistake operates at a place other than at the seat of the injury and without the consent of the patient, such an act is a natural and probable consequence of the original injury for which the defendant is responsible. (Citing cases). The facts in the case at bar distinguish it from the cases above referred to."

Further, in the Parkell case, in the statement of the case, the following appears: "On the same day the other suit against the Fox Brothers Manufacturing Company was dismissed upon a stipulation filed by the plaintiff that in consideration of $50, he released the Fox Brothers Manufacturing Company from any and all claims growing out of or in any wise connected with any act which the said company did to him, or caused to be done to him, or failed to cause to be rendered to him, in connection with the matter charged in said suit, and that the release of said **Fox Brothers Manufacturing Company should not be a release of any doctors or persons employed by the company in connection**

with the matters charged in said suit."

The company had furnished the doctor.

So that we have the situation of a reservation in the release, which would bring the case within the rule in Adams Express Company v Beckwith, supra. It is an entirely different release from that in the instant case.

Moreover, in the Parkell case, two members of the Supreme Court dissented. The case stands unsupported in the reported cases, and is therefore no convincing authority to sustain plaintiff in error's contention.

Our conclusion, therefore, based upon reason and authority, is, as herein indicated, that Hugh Doran was responsible in damages for plaintiff in error's injury, including the aggravation, if such there was, by unskilled treatment by the doctors; that his original wrongdoing was the proximate cause of the injury, aggravated by any negligent and unskillful treatment of the injury by the defendants; that, having given a release in full settlement for the one demand, the trial court was correct in overruling the demurrer to the second defense and in dismissing plaintiff's petition, at her costs.

The judgment of the Court of Common Pleas is affirmed.

ROSS, PJ, and CUSHING, J, concurg.