**ELGIN v. UNITED STATES.**

No. 5381.

United States District Court
W. D. Missouri, W. D.

March 18, 1950.

196

---

Ruby D. Garrett, Kansas City, Mo., for plaintiff.

David A. Thompson, Assistant U. S. Attorney, Kansas City, Mo., for the United States.

REEVES, Chief Judge.

The plaintiff claims to have been injured in one of the elevators in the United States Courthouse and Postoffice Building, at 9th and Grand Avenue, Kansas City, Missouri, on the late afternoon of October 23rd, 1947. The plaintiff is an officer or employee of the government in the Internal Revenue offices located in said building. On the evening, or late afternoon, in question she had descended, with others, by elevator, from her place of employment to the first floor.

The elevators in the building are operated with automatic devices.. The plaintiff was among the last of probably five passengers to leave the elevator. As she did so, the operator touched the wrong button and the door closed upon her with such force as to cause the claimed injuries for which she has brought suit. There is no issue but that the plaintiff was hit by the closing doors of the elevator without her fault and that such premature closing was caused by the fact, as stated, the operator pressed or touched the wrong button. This, of course, was negligence. In her petition she claims that by reason of such negligence she "sustained severe, permanent, painful and disabling bodily and personal injuries to her chest, breasts, back, sides, spine and spinal cord, nerves and nervous system, arms, hands and legs."

Plaintiff alleges that these injuries were and are disabling. She further alleges in her complaint that she complied with the procedure prescribed under the Tort Claims Act as a basis for bringing this suit. By Section 2672, Title 28 U.S.C.A. it is provided for the administrative adjustment of claims of $1000 or less. Under this provision the complainant presented a claim to the proper agency of the government in conformity with paragraph (b) of Section 2675 of said Title but withdrew same when she believed that the injuries accruing to her could not be properly determined on the basis of $1000 or less. Under the provisions of Section 2674 of said Title 28 U.S.C.A. she brought suit and now seeks damages in the sum of $75,000.

The Tort Claims Act by said Section 2674 provides that: "The United States shall be liable * * * in the manner and to the same extent as a private individual under like circumstances * * *."

The question for decision, therefore, in the case is: (1) Whether there is a liability against the government, and (2), if so, the damages accruing to the plaintiff and for which the government is liable. These will be noticed.

1. The evidence is conclusive that the doors of the elevator at the time mentioned were closed upon the plaintiff as she was making her exit from the elevator and that same was done with considerable force and that the plaintiff was injured. It is un-

necessary, therefore, under the circumstances to discuss the question of liability, for clearly the operator was negligent in prematurely closing the elevator doors. This, in effect, is admitted. The only question, therefore, is the extent of such injuries and the compensatory damages which should be awarded to the plaintiff.

2. The plaintiff claims as a result of the accident that she suffered from a sarcoma or carcinoma of one of her breasts and that a surgical operation became necessary for the removal of said breast and for the dissection of cancerous growth extending into one of her arm pits. The uncontrovertible medical testimony shows she was afflicted with sarcoma or carcinoma, commonly known as cancer. She claims that the cancer resulted from a bruise, among others, received when the elevator doors closed on her body.

■ The rule is that a claim for personal injuries arising from an accident will only include such injuries and damages as may reasonably result or are the necessary result of the wrong pleaded. On the other hand, all of the facts not the natural and necessary result of the injury complained of would constitute special damages and therefore must be specially averred or pleaded.

In the case of Murray v. De Luxe Motor Stages of Illinois, 133 S.W.2d 1074, 1077, the St. Louis Court of Appeals expressed the prevailing rule in quoting from Hall v. Manufacturer's Coal & Coke Co., 260 Mo. 351, 168 S.W. 927, 933, Ann.Cas.1916C, 375:

"* * * If a condition or disease necessarily results or follows an injury, there could be no valid reason for requiring the same to be specifically pleaded * * *. But where the condition or result is not a necessary result, how can the defendant be apprised of such issue unless the plaintiff * * * be required to state such result or condition in his petition? * * *."

"* * * 'General damages are those which necessarily and by implication of law result from the act or default complained of. * * * Special damages, as contradistinguished from general damages, have been defined as those which are the natural

but not the necessary result of the act complained of.'"

The same rulings were announced in Lane v. Kansas City Rys. Co., Mo.App., 228 S.W. 870; see also Parkell v. Fitzporter, 301 Mo. 217, loc. cit. 230, 256 S.W. 239, 29 A.L.R. 1305.

■ 3. In this case, however, testimony concerning the claim that cancer had resulted from her injuries was admitted without objection. Under such circumstances it is the duty of the court to determine the issues as made by the evidence even though such evidence broadened the issues made by the pleadings. Moreover, there was no complaint of surprise. Coca-Cola Bottling Co. of Henderson v. Munn, 4 Cir., 99 F.2d 190.

■ While the pleading of special damages may be waived by the proof, nevertheless, in order to recover on a claim for special damages, as in the case of cancer, the burden is upon the plaintiff to establish by a preponderance of the evidence that the cancerous growth, or sarcoma or carcinoma, was an actual result of the injury sustained by her in the accident mentioned. The physician who testified for plaintiff was unwilling to say that the cancerous growth did or could have resulted from the injuries sustained by plaintiff. The injury occurred, as indicated, on October 23, 1947. Early in March of 1948 plaintiff's physician diagnosed a lump in her breast as cancerous and an operation was performed for the removal of the breast on March 10, 1948. Physicians for the government were quite positive that the single trauma of such an accident would not result in cancer. The testimony, therefore, on the subject of cancer was conjectural and speculative and the court must find that the issue of a cancerous growth made by the evidence, and not by the pleadings, should be ruled against the plaintiff.

■ 4. It appeared from the evidence, however, that immediately following the accident plaintiff was "shaky", nauseated, and was required to rest. She suffered from her back and limbs as well as her arms, lost sleep and was nervous and restless. There was evidence that she was af-

flicted with arthritis and this was greatly aggravated by the injuries sustained by her. She lost much time from her duties as an employee of the government and suffered diminution in her wages. She was not able to sit upright as in the past but sat "side-wise" in her chair. She walked with difficulty, and she was unable to perform her household duties as in the past. Some of this may be ascribable to the surgery for the cancerous growth and the effect it would have upon her. She has expended a considerable sum of money for medical treatment because of her established injuries, and has lost time from her duties. For her pain and suffering and for her loss of time, past, and in the future, a reasonable award would appear to be $5000.

In a somewhat similar case styled Shuff v. Kansas City, 221 Mo.App. 505, 282 S.W. 128, the court was of the opinion that damages in the sum of $7500 were excessive and ordered a remittitur of $2500 so that the judgment stood at $5000. An examination of all the amounts of damages approved by courts is convincing that this would be a proper award. Accordingly, the court should and does find the issue for the plaintiff, and does assess her damages at $5000. And the court further finds that a reasonable attorney's fee would be 20 percent. of the amount of the award, or $1000, and such amount will be ordered paid as attorney's fee.