**Champ W. ROGERS, Appellant,**

v.

**Donald Kirk PIPER, M.D., et al., Respondents.**

**No. KCD 27324.**

Missouri Court of Appeals, Kansas City District.

Aug. 30, 1976.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 12, 1976.

Application to Transfer Denied Dec. 13, 1976.

**262**

Joseph S. Levy, Joseph M. Lapin, Richard M. Shteamer, Kansas City, for appellant.

John R. Gibson, Michael J. Jerde, Kansas City, for St. Joseph Hospital; Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, of counsel.

Dean F. Arnold, B. William Jacob, Jr., Bagby, Benjamin & Arnold, Kansas City, for Drs. Perll and Piper, Inc., Donald Kirk Piper, Maurice F. Perll and James H. Garner, Jr.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

Plaintiff, Champ W. Rogers, filed suit against Drs. Piper, Perll and Garner, and St. Joseph Hospital for alleged negligence in the treatment of injuries Rogers had received in an automobile accident. The court granted a summary judgment on behalf of all defendants on the basis that Rogers had received full satisfaction for all of his injuries from Lemmons, the other party to the accident.

On this appeal Rogers claims: (1) the physicians did not plead the affirmative defense of release; (2) the court erred as a matter of law in granting summary judgment because the modern trend in this type of case is to look to the intention of the parties rather than to the language of the release; and (3) the court erred because there were questions of fact to be litigated. Affirmed.

Rogers filed his suit against the physicians and the hospital alleging negligence in treatment given to him between November 30, 1970, and March 29, 1971. No negligence on the part of any of the defendants was alleged to have occurred after March 29, 1971, nor was any change in Rogers' condition pleaded to have occurred after March 29, 1971.

In his petition Rogers alleged he had been involved in an automobile accident in the spring of 1970, and the negligence by the defendant physicians and hospital aggravated the injury sustained in such accident.

On January 27, 1973, Rogers and his wife executed a release upon payment of the sum of $17,000. Such release stated it was to "RELEASE AND FOREVER DISCHARGE Jack T. Lemmons, his agents and servants, and all other persons, firms and corporations of and from any and all liability, actions, claims, demands or suits whatsoever, which claimants now have or may hereafter have, on account of or arising out of personal injuries or damage to person or property, or impairment of or damage to any right, including loss of time, loss of services of society, and expenses, or other

damage sustained by or accruing to the undersigned as the result of an accident, casualty or event which occurred on or about the 26th day of June, 1970, at or near 10300 South 71 Highway in Kansas City, Jackson County, Missouri." Such release further stated "that the above mentioned sole consideration is accepted in full compromise, settlement, accord and satisfaction of all the aforesaid claims and demands, including all consequences thereof which may hereafter develop as well as those already developed or now apparent." The release continued "and it is fully understood and agreed that this agreement is in compromise and settlement of all claims of every kind."

After the execution of such release, Rogers' attorney entered into a stipulation for dismissal of Rogers' suit against Lemmons with prejudice.

In the instant suit the physicians pleaded that Rogers, by a prior action, had received full and complete satisfaction for any and all injuries alleged in his petition. The physicians and the hospital thereafter filed a motion for summary judgment in which it was claimed the court should enter summary judgment because Rogers had received full accord and satisfaction and was thereby barred from any further action. In connection with this motion, request for admissions were filed, to which were attached a copy of the release executed by Rogers and his wife and a copy of the stipulation for dismissal of the suit by Rogers against Lemmons executed by the attorneys in that case. The existence and genuineness of these documents was admitted by Rogers.

■ Rogers first claims the granting of the motion for summary judgment was erroneous because the physicians had failed to plead the existence of a release. However, the physicians did plead that Rogers had received full satisfaction for his injuries through his settlement with Lemmons. The theory upon which the physicians and the hospital proceeded in their quest for a summary judgment was that Rogers has been fully compensated for all of his injuries, including any injuries he may have received as a result of any negligence on the part of the physicians and the hospital. The release was evidence of the settlement entered into by Rogers and the fact he had received full satisfaction for all of his injuries. The pleaded theory of full satisfaction and the same theory presented in the motion for summary judgment were consistent. All of this was fully before the court in the pleadings and admissions on file which the court is authorized to consider under a motion for summary judgment. Rule 74.04. The theory presented in the motion was pleaded and was, therefore, properly before the court.

Rogers next makes the point the granting of the motion was erroneous as a matter of law. In this point Rogers makes some contention that under *Staehlin v. Hochdoerfer,* 235 S.W. 1060 (Mo.1921) and *Parkell v. Fitzporter,* 301 Mo. 217, 256 S.W. 239 (banc 1923) the court should not have granted summary judgment because Rogers still had a cause of action against the physicians and the hospital despite his release of the original tort-feasor. An examination of those cases reveals the court in *Parkell* found the plaintiff had not received full satisfaction for all of his injuries. In *Staehlin* the court found from the language of the release a cause of action against the physician had been reserved. *Parkell* is not applicable if Rogers in fact acknowledged he had received full satisfaction for all of his injuries. Such was the finding by the trial court which was correct. *Staehlin* is not applicable because the release here did not reserve any cause of action against the physicians or hospital.

■ It is well established in Missouri that a party may receive full satisfaction for his injuries only once. *Hanson v. Norton,* 340 Mo. 1012, 103 S.W.2d 1[4] (1937). Thus, if Rogers received full satisfaction from Lemmons, there remains nothing for him to recover in this case.

■ The language used in the release executed by Rogers brings this case within the rule announced in *McQueen v. Humphrey,* 421 S.W.2d 1 (Mo.1967). In that case

the court held a settlement with the original tort-feasor with nothing in the record to indicate the plaintiff did not consider the settlement as complete satisfaction for her injuries or that she intended to make a claim against anyone else constituted a full satisfaction for all of her injuries. As a result the court held a subsequent suit against physicians who had allegedly negligently treated the plaintiff was barred.

Likewise in this case there is nothing in the record nor in the release executed by Rogers to show that Rogers did not consider the settlement to be full and complete satisfaction for all of his injuries or that he intended to hold anyone else responsible for any injuries he received as a result of the accident with Lemmons.

This court has held in *State ex rel. Blond v. Stubbs*, 485 S.W.2d 152[3] (Mo.App.1972) that "[t]he original negligence is to be considered as a proximate cause of aggravation due to negligence in the furnishing of the medical services, and the medical treatment is not considered to be an insulating intervening cause." Therefore, the injuries alleged by Rogers to have been inflicted by the physicians and the hospital as an aggravation of the injuries received in the accident proximately resulted from the original negligence in the accident. In that circumstance, when Rogers released Lemmons and all other persons, firms and corporations for all liability and claims rising out of personal injury suffered in the accident of June 26, 1970, the physicians and hospital were included within the phrase "all other persons, firms and corporations." Further, when Rogers acknowledged that he received the consideration recited in full compromise, settlement, accord and satisfaction of all such claims, then it must be held that Rogers had received full satisfaction for all injuries received in the accident, including such as were alleged to have resulted from the negligent treatment rendered by the physicians and hospital.

This conclusion is reinforced by *Liberty v. J. A. Tobin Construction Co., Inc.*, 512 S.W.2d 886[5–9] (Mo.App.1974) in which this court stated "[i]n determining whether a release is general and disposes of the whole matter, on the one hand, or limited, on the other hand, it seems that the deciding factor of interpretation is *what* is released not *who* is released by the document. The fact that only *one* tortfeasor is *named* in the release is not conclusive as to its character. Each tortfeasor is liable for the whole damage." There can be no doubt the release Rogers signed was general and that he acknowledged satisfaction in full for all of his injuries which included those allegedly received at the hands of the physicians and the hospital.

Rogers impliedly concedes the law is against him as it presently exists in Missouri, but urges this court should adopt the modern rule which would look to the intention of the parties to determine is an intent actually existed to release the physicians at the time the original tort-feasor was released. There does seem to be some change in the law in this situation, as noted in 39 A.L.R.3d 260. However, the view adopted herein is the firmly established law in this State which this court is bound to follow.

Rogers next contends the entry of summary judgment was erroneous because there were remaining fact questions to be determined, such as the intention of Rogers to release the physicians and hospital; whether the physicians treated some other injury not related to the accident; whether part of the consideration flowed to the wife; and whether the consideration received constituted compensation for the malpractice claims presented.

Most of these questions have been decided by what has heretofore been stated. On the remaining question of an independent and separate injury being treated, Rogers, in his petition, stated the treatment given by the physicians was such that it aggravated the condition existing as the result of the accident. With reference to part of the consideration going to the wife, the release was a release of her claims as well as those of Rogers. However, the release was general in its terms and stated it was in full accord and satisfaction of all claims which

would include both the claim Rogers had and that of his wife.

Finally Rogers did not avail himself of the right to file affidavits or present any other matter to the court which would be proper under Rule 74.04 in order to show the existence of any fact issue. Absent a showing of any fact issues, the question here presented as to the effect of the release on whether or not Rogers had in fact received full satisfaction for all of his injuries, including the alleged medical malpractice, was a question of law which was properly and correctly decided by the court.

The judgment is affirmed.

All concur.