STATE OF MISSOURI ex rel. VIOLA JOHNSON WHITEMAN, Relator, v. HONORABLE JOHN R. JAMES, Judge of the Independence Division of the Circuit Court of Jackson County, Missouri, Respondent, No. 43726—265 S. W. (2d) 298.

Court en Banc, February 8, 1954.

Rehearing Denied, March 8, 1954.

590

*Arthur C. Popham* and *Sam Mandell* for relator; *Popham, Thompson, Popham, Mandell & Trusty* of counsel.

*Clay C. Rogers* and *Rogers, Field & Gentry* for respondent.

 LEEDY, J.—This is an original proceeding in mandamus to compel the respondent, as Judge of the Independence Division of the Circuit Court of Jackson County, to proceed to the trial and final determination of an action for damages lately pending in that court, which action, upon the sustension of appropriate motions filed by defendants therein, was by respondent ordered abated for want of venue in Jackson County.

The action thus abated was filed by relator as plaintiff, against Continental Baking Company, a corporation (hereinafter referred to as Continental), and William E. Robertson, as defendants. The petition prayed damages in the sum of $40,000 for personal injuries alleged to have been sustained by plaintiff (relator) on September 8, 1951, through the joint negligence of defendants, while she was a passenger in Continental's truck which was being driven by its agent and servant, defendant Robertson. The casualty occurred in Holt County. Relator-plaintiff is a resident of Jackson County; the individual defendant, Robertson, is a resident of Andrew County; the corporate defendant, Continental, is a foreign corporation licensed to do business in Missouri, with its registered office and agent, C. T. Corporation System, at 314 North Broadway in the City of St. Louis, and it also maintains an office and transacts business in Jackson County. Writs of summons were served successively upon Continental at its office and place of business in Jackson County, and upon its registered agent at its registered office in the City of St. Louis. The individual defendant was served in the county of his residence, Andrew. Both defendants successfully challenged the jurisdiction of the Jackson County Circuit Court on the ground that neither of them was a resident of Jackson County, and hence venue was not in that county.

Relator bases her right to mandamus on the proposition that it appears as a matter of law that venue is in Jackson County because Continental maintained an office and place of business therein at which location it was served. That service is admittedly good if the proposition just stated be sustained, but it is to be borne in mind that this is not a case where venue is governed by RSMo 1949, § 508.040. Such section applies only where a corporation is the sole defendant, as will appear from the authorities hereinafter cited. The question reduces itself to this: Whether Continental is a resident of Jackson County within the purview of the general venue statute, RSMo 1949, § 508.010, the portion of which here involved reads: "Suits instituted by summons shall, except as otherwise provided by law, be brought: * * * (2) When there are several defendants, and they reside in different counties, the suit may be brought in any such county." This particular subdivision has been consistently held to apply to *all* defendants, including corporations when joined with another [or other] defendant[s], and fixes venue in such instances. State ex rel. Columbia National Bank v. Davis, 314 Mo. 373, 284 S.W. 464; State ex rel. Henning v. Williams, 345 Mo. 22, 131 S.W. 2d 561; State ex rel. O'Keefe v. Brown, 361 Mo. 618, 235 S.W. 2d 304.

The question posed in the preceding paragraph turns on the interpretation and effect to be given to the last sentence of RSMo 1949, § 351.375, subd. 4, VAMS (being a part of The General and Business Corporation Law of Missouri, Laws 1943, p. 410 et seq., Chap. 351, RSMo 1949 and VAMS), reading as follows: "The location or residence of any corporation shall be deemed for all purposes to be in the county where its registered office is maintained." Both parties invoke the provisions of the general venue statute above quoted, and both rely on the Henning case, the relator as a matter of principal insistence. We look to it first. There the question, as the opinion itself states (1.cs. 26 and 562), was "whether a foreign corporation licensed to do business in this state and having an office and place of business in some county is a resident of that county for the purposes of service under clause 2 of Sec. 720" [RSMo 1929, now § 508.010(2), the identical clause involved on the present submission]. The decision answered that question in the affirmative, and relator treats it as controlling authority under the present state of the law. On the other ■■■ hand, respondent, pointing to the residence provisions of the later enacted § 351.375, subd. 4, cites the case to demonstrate that as a cognate statute the latter must be considered in determining the corporate defendant's legal residence in the case at bar. For example, the opinion says (1.cs. 27 and 563): "Every clause thereof mentions the residence or non-residence of the defendant. The section does not contain the word 'corporation,' but by its very generality it must refer to all defendants, including corporations, foreign and domestic, except insofar as other statutes

restrict its application. Consequently it must have in contemplation the residence of such corporations; and it must be construed in pari materia with other cognate statutes.'' Of course, that case was decided before the passage and approval of The General and Business Corporation Act, supra, which act introduced the present requirement that corporations, foreign and domestic, ''shall have and continuously maintain in this state'' a *registered* office and a registered agent (§§ 351.370, 351.620), and the further provision of § 351.375, subd. 4, previously noticed, which declares: ''The location or residence of any corporation shall be deemed for all purposes to be in the county where its registered office is maintained.'' This particular provision, as affecting venue purposes under the general statute, § 508.010(2), was interpreted and settled in the recent case of State ex rel. O'Keefe v. Brown, 361 Mo. 618, 235 S.W. 2d 304. In that case a resident of Dallas County sued in Dade County to recover for injuries sustained by him in Vernon County in a three-car collision. He joined as defendants an individual residing in Gentry County, and Crown Coach Company, a Missouri corporation having its registered agent, registered office and principal place of business in Jasper County. One of the several counties in which Crown Coach operated its buses was Dade. The individual defendant sought prohibition on the ground that the general venue statute (what is now § 508.010) controlled, and that neither he nor Crown Coach Company (under what is now § 351.375, subd. 4) was a resident of the county in which the action was filed. His contentions were sustained, and prohibition issued. In reaching that result, the court disallowed the contention that for the purpose of venue the residence of Crown Coach Company was in any county in which it operated, saying (l.cs. 623 and 307) that such ''is not the law as it is declared by the statutory and case law of this state.'' On the contrary, it was expressly held that under the statute here involved (§ 351.375, subd. 4) the legal residence of Crown Coach Company was fixed by the location of its registered office and registered agent. This was the very crux of the case. The only difference between that case and this is that there the corporation was a domestic corporation and service upon it was undertaken under another statute. These circumstances are without significance, and so do not justify any other or different construction of the statutes.

Plainer language than that used to prescribe or fix the residence of a corporation ''for all purposes'' could hardly be found. Certainly one purpose is that of venue under this statute. We are satisfied with the construction given the provision by the Brown case, and adhere to it, notwithstanding the fact that this will result in the anomaly of plaintiff being able to sue Continental alone in Jackson County, under § 508.040, but not jointly in that jurisdiction with the Andrew County resident. But she is not left without a forum in the event she elects to sue both. This may be done, as the statute

directs, either in the City of St. Louis, the legal residence of Continental, or in Andrew County, where the individual defendant resides.

The alternative writ of mandamus should be quashed. It is so ordered. *Hollingsworth, Dalton* and *Tipton, JJ.*, and *Conkling, C.J.*, concur; *Hyde, J.*, dissents in separate opinion filed; *Ellison, J.*, dissents and concurs in dissenting opinion of *Hyde, J.*

HYDE, J.—I respectfully dissent from the opinion of Leedy, J. herein. I am unable to agree that Section 351.375, p. 4, (references are to RSMo. and V.A.M.S.) prevents the Circuit Court of Jackson County from having jurisdiction of the case of Viola Johnson Whiteman v. Continental Baking Company and William E. Robertson. It is true that we held in State ex rel. O'Keefe v. Brown, 361 Mo. 618, 235 S. W. (2d) 304 that the provision of Section 351.375, p. 4 ("The location or residence of any corporation shall be deemed for all purposes to be in the county where its registered office is maintained") applies for purposes of venue. Nevertheless; Section 508.040 provides in effect that corporations shall have residences for venue purposes "in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business." (State ex rel. Henning v. Williams, 345 Mo. 22, 131 S. W. (2d) 561.) It should be noted that the registered office of a foreign corporation need not even be the same as its place of business in this state. (Sec. 351.620.)

In the Williams case (131 S. W. (2d) l.c. 565) we said: "But all these decisions and the statutes cited show that a licensed foreign corporation must have one or more residences in the state where it is open to service. If that is so; and if under Sec. 723, supra, (now 508.040) when foreign or domestic corporations are sued alone, the venue of actions against them is in 'any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business,' we can see no reason why their residences should not be regarded as established in the same way when, perchance, they are joined as defendants with another, thereby fixing the venue under Sec. 720." (Now 508.010) We held therein that service on defendant Shell Petroleum Corporation at its office in the City of St. Louis and service on defendant Henning, relator therein, in St. Charles County, where he resided, gave the Circuit Court of the City of St. Louis jurisdiction to try the case. I cannot agree that this result is changed by the adoption of the hereinabove quoted general provision of Sec. 351.375, p. 4, as a part of the corporation code. While this provision is sufficient to authorize service on a corporation at its registered office, it is not a venue statute; and I do not think this general provision should be held to control over the specific provisions of Sections 508.010 and 508.040,

which were intended as venue statutes and which were left unamended. It is a well established rule of statutory construction that specific provisions prevail over broad general provisions (see 50 Am. Jur. 562-564, Sec's. 561-562) whether prior or subsequent; and I do not think it reasonable to hold that any part of these specific venue statutes are repealed by implication by this broad general provision of Sec. 351.375 that does not even mention venue. I think the most reasonable construction is that it only adds another office (the registered office) tó those where service can be made and venue established.

I do not think State ex rel. O'Keefe v. Brown, supra, rules the situation herein presented, although there is language (235 S. W. (2d), l.c. 307) which is not in harmony with my views herein expressed, because in that case there was no attempt to serve the defendant Crown Coach Company at any office in Dade County or any showing that it had any office in Dade County for the transaction of its usual and customary business. Therefore, it could not and did not decide the question herein presented.

Of course, a corporation cannot have a residence in the sense that a natural person does. ''Residence is an attribute of a natural person, and can be predicated of an artificial being only by a more or less imperfect analogy. Strictly speaking, a corporation can have no local residence or habitation. It has been said that a corporation is a mere ideal existence, subsisting only in contemplation of law—an invisible being which can have, in fact, no locality and can occupy no space, and therefore ▪ cannot have a dwelling place. However, the sovereignty creating the corporation may give to it a local habitation or residence in law, if not in fact.'' (13 Am. Jur. 281, Sec. 147.) We have held that it can be given more than one at least for purposes of venue. Therefore, while by Sec. 351.375, p. 4, a corporation may have a residence at its registered office for all purposes including venue, I think it may also have other residences created by statute for purposes of service and venue; and that our statutes may be properly construed together as having that meaning.

I would order a peremptory writ. *Ellison, J.,* concurs.