John T. Casey, J.
On July 12, 1971 the plaintiff’s intestate was injured while working for the third-party defendant construction company on the roof of a building owned by the third-party defendant, Margold. Subsequent to his injury the deceased was treated by the defendant doctor at the defendant hospital. The plaintiff commenced suit against the hospital and doctor only and based her claim in malpractice.
The defendant doctor impleaded both the construction company and the owner of the building for third-party apportionment under Dole v Dow Chem. Co. (30 NY2d 143). The hospital impleaded the construction company only.
In a prior motion the construction company alone moved to dismiss both third-party complaints alleged against it. This court granted that motion but denied the motion made by the construction company to dismiss the cross complaint, because the owner had not made a motion for dismissal, was still in the case as a third-party defendant, and had a right, therefore, to seek apportionment under Dole from the construction company for whatever degree of fault the construction company may have contributed to the owner’s liability, if established.
Now, in this motion the owner in reliance on this court’s prior decision moves for dismissal of the third-party complaint by the doctor.
This motion is also granted. The factual pattern herein is one of subsequent, successive tort-feasors whose negligence, if any, caused separable injuries to the plaintiff’s intestate. When the plaintiffs intestate was hospitalized, the negligence of the owner and construction company was completed. If the hospital1 and doctor were negligent that negligence was not the result of the owner’s and construction company’s conduct. *111 (See Zillman v Meadowbrook Hosp. Co., 45 AD2d 267, 271.) Original tort-feasors may be held answerable for aggravated injuries caused by subsequent improper medical treatment (Derby v Prewitt, 12 NY2d 100, 105, 106; Prosser, Torts [4th ed], § 52, p 320) and can (and could, even before Dole) compel apportionment and indemnity from the subsequent tort-feasor to the extent of the injuries that the subsequent tort-feasor caused. (Musco v Conte, 22 AD2d 121.) The liability of the original tort-feasor for the aggravated injuries, however, does not make him a joint tort-feasor with the malpractice defendant(s) (Kotler v Monticello Hosp., 56 Misc 2d 742, 744) or permit the subsequent tort-feasor to be held responsible for any injury caused by the original that occurred prior in time to the negligence of the subsequent tort-feasor, and Derby v Prewitt, Musco v Conte and Prosser, all cited supra, so hold.
Therefore, in successive tort situations with separable injuries where a malpractice defendant is the only one sued by the plaintiff as herein (and such action will lie in the first instance, separate and apart from an action against the prior tort-feasor [see Matter of Parchefsky v Kroll Bros., 267 NY 410]), that subsequent tort-feasor will be responsible only for the damages that flowed from and followed his negligence and not for any injury that occurred prior thereto, through the negligence of a prior tort-feasor. The liability of the subsequent tort-feasor being so limited (see Matter of Parchefsky v Kroll Bros., supra) he should not be permitted to seek apportionment or indemnity from a prior independent tort-feasor whose negligence will never become the responsibility, in whole or in part, of the subsequent one, and a third-party complaint that seeks to do so is insufficient in law. (See Szarewicz v Alboro Crane Rental Corp., 73 Misc 2d 232.) As was said in that case nothing in Dole is to the contrary.
As far as the plaintiff is concerned the only limitation on the rule is that the plaintiff will not be permitted a double recovery for his injuries (Malvica v Blumenfeld, 28 NY2d 851), and if full satisfaction has been had by the plaintiff from the original tort-feasor then the plaintiff’s action against the subsequent one is barred (Derby v Prewitt, supra), and if satisfaction is given the plaintiff for that part of the injury caused by the subsequent tort-feasor then that part of recovery could not be permitted the plaintiff against the original wrongdoer. (Malvica v Blumenfeld, supra; Bradshaw v State of New York, 24 AD2d 930; Abernethy v Azzoni, 78 Misc 2d 832.)
*112 Accordingly, not only the owner’s motion for dismissal of the third-party complaint against it must be granted but since the third-party complaints have now been dismissed against both the owner and the contractor, for like reason, there is no cross complaint between these two third-party defendants that remains.