STATE ex rel. Fred O. WHALEY,
Petitioner,

v.

Hon. Carl R. GAERTNER, Judge, Circuit
Court of the City of St. Louis,
Respondent.

No. 42071.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 22, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 20, 1980.

Application to Transfer Denied
Sept. 9, 1980.

Prudence W. Kramer, Sommers & Holloran, Inc., St. Louis, for petitioner.

G. Keith Phoenix, Shepherd, Sandberg & Phoenix, Parks G. Carpenter, St. Louis, for respondent.

CLEMENS, Senior Judge.

Original proceeding in mandamus to compel respondent judge to set aside his order by which he dismissed relator's petition against Ford Motor Corp. on the ground of improper venue in St. Louis City. The issue now raised concerns proper venue when both defendants are corporations. Respondent judge dismissed the petition as to Ford Motor Corp. for improper venue.

Relator Fred O. Whaley was the plaintiff and he now seeks our order to compel respondent to resume jurisdiction. Whaley is a St. Louis County resident and it was there he was injured by an allegedly defective Ford truck. The two corporate defendants were the Ford Motor Company, a Delaware corporation, as manufacturer of the truck, and the Gene Taylor Ford Company, a Missouri corporation, who sold plaintiff the truck.[1]

As to Ford, summons was served in St. Louis City on the "C T Corporation System" whom Ford, as a foreign corporation, had designated its registered agent for service of process. (Sect. 351.630 1. RSMo. 1969).

On Ford's motion the respondent judge dismissed plaintiff's petition as to Ford on the ground of improper venue. We granted a temporary writ of mandamus to compel respondent judge to resume jurisdiction over Ford. The cause has now been briefed

---

1. This latter corporation is not a party to this mandamus proceeding.

and submitted. We find the temporary writ was improvidently granted.

Both parties agree the core of this issue is the venue provision, Section 508.040 RSMo. 1969. With our emphasis added it reads: "Suits against corporations shall be commenced either in the county where the cause of action accrued [2] .... or in any county where such corporations *shall have or usually keep an office or agent for the transaction of their usual and customary business.*"

Relator now contends, and respondent agrees, that the issue is whether under the quoted statute the "C T Corporation System" is Ford's agent for the transaction of Ford's "usual and customary business". Respondent contends the "C T Corporation System" is not such an agent.

██ In interpreting this language, we determine the legislative intent "from the words used, if possible, and in doing so the words should be given their plain and ordinary meaning so as to promote the object and manifest purpose of the statute." *Pedroli v. Missouri Pacific Railroad*, 524 S.W.2d 882 [1–2] (Mo.App.1975). We give meaning to every statutory word and "when the language of a statute is unambiguous and conveys a plain and definite meaning, the courts have no business foraging among such [statutory construction] rules to look for or impose another meaning." *DePoortere v. Commercial Credit Corp.*, 500 S.W.2d 724 [1–4] (Mo.App.1973).

██ The respondent judge ruled–and relator does not contend otherwise–that "Ford conducts no business in the City of St. Louis". The respondent judge further "takes notice of the commonly known fact the C T Corporation is an entity which exists for the sole purpose of acting as registered agent for foreign corporations. The scope of its agency is to receive and transmit notices and process. It does not transact any of the usual or customary business óf its clients." In dismissing plaintiff's petition as to Ford the respondent judge concluded: "Accordingly, this Court holds that in the absence of any office or agent for the transaction of its usual and custom-

ary business in the City of St. Louis, the mere fact that a corporation has denominated C T Corporation with its office in the City of St. Louis as its registered agent and legal place of residence is not sufficient to confer venue over such corporation in the City of St. Louis under 508.040."

Relator challenges the respondent's ruling that the existence of "C T Corporation System" in St. Louis City did not confer venue there over Ford. He relies on three cases we have considered.

Relator relies on the word "agent" as discussed in *Pagliara v. Stussie*, 549 S.W.2d 900 (Mo.App.1977). That case did not concern the issue now before us–service of summons on a registered agent. Instead, the status of the individual agent served there–as distinguished from service on the registered agent here–"rose to the level of a person authorized by (defendant corporation) to act for it on a regular basis". That case is obviously distinguishable.

Next, relator relies on *State ex rel. Webb v. Satz*, 561 S.W.2d 113 (Mo.1978). That case did not, as here, consider the issue of a registered agent's status. There, as here, there were two corporate defendants, located in different counties and the issue was whether Section 508.040, supra, "authorizes suit to be filed in any county where at least one of the corporate defendants has an office or agent". The court held it did but that decision does not rule the present issue of the status of a registered agent's residence to confer venue upon its non–resident principal.

Third, the relator relies on the earlier case of *State ex rel. Juvenile Shoe Corp. v. Miller*, 272 S.W. 1066 (Mo.App.1925), upholding venue in St. Louis City. There, the defendant Missouri Corporation had its business office in Jasper County but in its charter had designated its corporate location as in St. Louis City. That designation of residence was then required by statutes no longer in force. The case is clearly irrelevant to the present venue issue.

Last, relator points to the *general* venue provision of Section 508.010(2) RSMo. 1969.

---

**2.** That would be St. Louis County, not St. Louis City.

Under that section it has been held that when a corporation and an individual are joined as defendants, venue is determined by the location of the corporation's registered agent. *State ex rel. Hails v. Laskey,* 546 S.W.2d 512 [3] (Mo.App.1977). That case does not control here where both defendants are corporations. The distinction was clearly marked in *State ex rel. Baker v. Goodman,* 274 S.W.2d 293 [4, 5] (Mo.banc 1955), deciding venue in a case against two corporate defendants. The Court held: "It [Section 508.040] is a special statute designed to take corporations from under the operation of Section 508.010. By its terms, Section 508.040 applies to all corporations and is mandatory in its provisions. Being a special statute, it must prevail in all cases where it is possible to apply it, for it is a well—established rule of statutory construction that specific statutory provisions prevail over broad general provisions."

We hold the respondent judge did not exceed his jurisdiction in dismissing relator's petition on the ground of improper venue. It follows that our temporary writ of mandamus was improvidently granted, and we now order it quashed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.