STATE of Missouri ex rel. Richard BALDWIN, Jr., M. D., Relator,

v.

The Honorable Carl R. GAERTNER, Judge, Circuit Court of the City of St. Louis, Respondent.

No. 62549.

Supreme Court of Missouri, En Banc.

April 6, 1981.

cian. Engel and wife first brought suit against Leon Burrow for injuries sustained by Verlin Engel in the fall on Burrow's premises. Thereafter, Burrow settled with the plaintiffs for $40,000 and obtained a release. The action against Burrow was dismissed with prejudice.

Engel and his wife next brought suit against the hospital, Dr. Baldwin, and Dr. Pennington as defendants, Engel alleging $750,000 and his wife $250,000 in damages. Engel alleged that the two doctors and the hospital were negligent in failing to diagnose certain injuries sustained by Engel as a result of the fall and as a result of their negligence he lost the use of his right hand and sustained permanent injuries to his right knee and leg.

Relator (Dr. Baldwin) filed a motion for leave to add Burrow as third–party defendant in the action against the hospital and the doctors, which motion was granted by respondent. Relator also filed a third–party petition against Burrow for "indemnity or contribution", in which he prayed that in the event plaintiff obtained a judgment against him that he be given judgment against Burrow in an amount corresponding to the proportion of fault attributed to Burrow by the jury.

Burrow moved to dismiss the third-party petition on the basis of the release he had obtained from the plaintiffs and respondent indicated his intention to sustain Burrow's motion unless prohibited from doing so. Relator subsequently filed this petition for writ of prohibition to prevent respondent from dismissing his third–party complaint and we issued our preliminary rule.

While Burrow has a release from plaintiffs, that is not the reason why relator cannot maintain a third–party action against Burrow under the facts before us. The reason is that there is no way by which Burrow, the original tortfeasor, can be liable to relator, Dr. Baldwin, for all or part of plaintiff's claim against relator. As respondent points out in his return, relator cannot be held liable for the totality of plaintiff's injuries, but only for the injuries to plain-

Robert W. Freeman, Springfield, for relator.

Jeffrey L. Cramer and Paul S. Brown, St. Louis, for respondent.

SEILER, Judge.

This is prohibition.

On February 4, 1976, Verlin Engel sustained injuries in a fall on the premises of Courtesy Sandwich Shop, the proprietor of which was Leon Burrow. Immediately after the fall, Engel went to the emergency room of Compton Hill Medical Center (hereinafter referred to as the hospital) where he was treated by relator and another physi-

tiff proximately caused by relator's negligence. Relator cannot be held liable for those injuries and damages caused by the alleged negligence of Burrow. Relator's liability being so limited, he has no basis for apportionment, contribution or indemnity from one (Burrow) whose alleged negligence will never become the responsibility, in whole or in part, release or no release, of relator, Dr. Baldwin.

The law on the subject leads straightway to the above conclusion.

In *Vest v. City National Bank & Trust Co.*, 470 S.W.2d 518, 521 (Mo.1971), this court said:

"The defendant doctors could be held liable only for damages to plaintiff as a direct result of their malpractice, and could not be held responsible for damages resulting from other occurrences."

In *Schumacher v. Leslie*, 360 Mo. 1238, 232 S.W.2d 913, 917 (Mo. banc 1950), we said:

"[W]here the original injury is the result of a tort ... the original tort-feasor is liable for the original injury and any malpractice of the tort-feasor's physician in treatment aggravating said original injury; ... the physician is not liable for the original injury ...."

Accord: *State ex rel. Normandy Orthopedics, Inc. v. Crandall*, 581 S.W.2d 829 (Mo. banc 1979).

In Restatement (Second) of Torts § 433A, at 435 (1965), it is said:

"[T]here are situations in which the earlier wrongdoer may be liable for the entire damage, while the later one will not. Thus an original tortfeasor may be liable not only for the harm which he has himself inflicted, but also for the additional damages resulting from the negligent treatment of the injury by a physician.... The physician, on the other hand, has played no part in causing the original injury, and will be liable only for the additional harm caused by his own negligence in treatment."

In W. Prosser, Law of Torts, § 52 at 321 (4th ed. 1971), it is said:

"[A]n original wrongdoer may be liable for the additional damages inflicted by the negligent treatment of his victim by a physician, while the physician will not be liable for the original injury."

Accordingly we see that relator, Dr. Baldwin, is not liable for whatever injuries and damages plaintiff sustained in the fall on Burrow's premises. That is Burrow's responsibility. The relator, Dr. Baldwin, is liable only for what injuries and damages were produced by his subsequent malpractice, although Burrow, of course, would be liable for plaintiff's total damages, both from the fall and the subsequent malpractice, under the rule that the action of the initial tortfeasor is deemed to be the proximate cause of the subsequent aggravation, *Boehmer v. Boggiano*, 412 S.W.2d 103 (Mo.1967); *State ex rel. Blond v. Stubbs*, 485 S.W.2d 152 (Mo.App.1972). Yet relator is seeking judgment over against Burrow for whatever proportion of fault is attributable to Burrow.

Thus there is a fatal flaw in relator's effort. As to the damage done to plaintiff Engel prior to the time he was first treated by relator, Dr. Baldwin, there is no common liability to the plaintiff. Only Burrow is legally liable for that damage. Relator is responsible or liable for no part of it.

The basis of a third-party action is a common liability to the plaintiff, in whole or in part. *Missouri Pacific Railroad Co. v. Whitehead & Kales Co.*, 566 S.W.2d 466, 468–69 (Mo. banc 1978). "Where there is no common liability, as here, no contribution can be obtained." *Martinez v. Lankster*, 595 S.W.2d 316, 318 (Mo.App.1980). The same would be true of partial indemnity. The test of the propriety of third-party impleader is "'whether the third party is liable as a guarantor, surety, insurer or indemnifier of the principal defendant.'" *Hipp v. Kansas City Public Service Co.*, 241 Mo.App. 169, 237 S.W.2d 928, 931 (1951).

In the case before us, the third-party defendant Burrow is not liable to relator, the third-party plaintiff, for any of plaintiff's claim for injuries sustained in the fall

itself on Burrow's premises, as this was prior to the time relator first had anything to do with plaintiff. So there is no common liability there. And it is inconceivable that Burrow is liable to relator in any degree for the damages caused plaintiff by relator's own malpractice in treating the plaintiff. To put it another way, there is no circumstance present, as required by Rule 52.11(a) as to when a defendant may bring in a third party, whereby Burrow is or may be liable to relator for all or part of plaintiff's claim against relator.[1] If relator is found liable for aggravating the original injury, there is no reasonable basis upon which he could seek indemnity or contribution, whichever it may be termed, from the original tortfeasor for injuries solely attributable to his (the doctor's) malpractice.

As is well put in *Ruge v. Arden Hill Hospital*, 83 Misc.2d 109, 371 N.Y.S.2d 354, 357 (Sup.Ct.1975), a subsequent tortfeasor

"should not be permitted to seek apportionment or indemnity from a prior independent tort-feasor whose negligence will never become the responsibility, in whole or in part, of the subsequent one, and a third party complaint that seeks to do so is insufficient in the law."

Nothing in *Whitehead & Kales, supra,* is to the contrary. Since relator does not come under Rule 52.11, it follows he is not entitled to relief under *Whitehead & Kales,* regardless of the release referred to at the outset hereof. Our preliminary rule in prohibition is ordered quashed.

BARDGETT, C. J., and DONNELLY, WELLIVER, MORGAN and HIGGINS, JJ., concur.

RENDLEN, J., concurs in result.

---

1. The pertinent portion of Rule 52.11(a) reads as follows:

"At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and petition to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."