SPERRY CORPORATION, Relator,

v.

The Honorable James S. CORCORAN, Judge, Circuit Court, St. Louis City, Respondent.

STATE ex rel. B.G. PRATER, et al., Relator,

v.

The Honorable James S. CORCORAN, Judge, Circuit Court, St. Louis City, Respondent.

LESTER E. COX MEDICAL CENTER, INC., Relator,

v.

The Honorable James S. CORCORAN, Judge, Circuit Court, St. Louis City, Respondent.

Nos. 64672, 64694 and 64669.

Supreme Court of Missouri, En Banc.

Sept. 20, 1983.

Rehearing Denied Oct. 18, 1983.

Eugene K. Buckley, St. Louis, Robert W. Freeman, Robert G. Ingold, Springfield, Ronald E. Fox, Richard L. Prebil, St. Louis, John K. Hulston, Springfield, for relators.

Leonard P. Cervantes, Stephen J. Jianakoplos, St. Louis, for respondent.

DONNELLY, Judge.

This is prohibition.

On August 31, 1980, John Reynolds suffered an eye injury in Barry County, Missouri, while working on a haybine mower conditioner alleged to have been manufactured by Sperry. He was taken to Springfield, Missouri, where he was treated by B.G. Prater, M.D., of E.E.N.T. Clinic, at Lester E. Cox Medical Center.

A petition for damages was filed in the Circuit Court of the City of St. Louis. Theories of strict liability, negligence and breach of warranty were asserted against Sperry. Negligent treatment was asserted against Prater, E.E.N.T. and Cox.

Plaintiffs are residents of Barry County. Sperry is a foreign corporation with a registered agent, C.T. Corporation, in the City of St. Louis. Sperry has an office for the transaction of its usual and customary business in St. Louis County. We were informed on oral argument that Sperry has an office for the transaction of its usual and customary business in Greene County. Prater is a resident of Greene County. E.E. N.T. and Cox are corporations with offices for the transaction of their usual and customary business in Greene County.

Sperry, Prater, E.E.N.T. and Cox filed motions to dismiss in which they questioned jurisdiction and venue in the Circuit Court of the City of St. Louis. Respondent Judge Corcoran overruled the motions. Relators sought prohibition in the Eastern District of the Court of Appeals. Prohibition was denied. Relators then sought prohibition in this Court. In January 1983, provisional rules in prohibition were ordered to issue. The causes are consolidated for disposition in this opinion. Prohibition will lie where venue is improper and the trial court is without jurisdiction. *State ex rel. Allen v. Barker,* 581 S.W.2d 818, 824 (Mo. banc 1979).

It is well settled that where three corporations are sued with one individual, as here, venue is determined according to § 508.010, RSMo 1978. *State ex rel. Baker v. Goodman,* 364 Mo. 1202, 274 S.W.2d 293 (banc 1954). Section 508.010 reads in part as follows:

"Suits instituted by summons shall, except as otherwise provided by law, be brought:

"(1) When the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides, and the defendant may be found;

"(2) When there are several defendants, and they reside in different counties, the suit may be brought in any such county;

\* \* \* \* \* \*

"(6) In all tort actions the suit may be brought in the county where the cause of action accrued regardless of the residence of the parties, and process therein shall be issued by the court of such county and may be served in any county within the state; \* \* \*."

*We make the following observations:*

■ (1) If the assertions of liability made in plaintiffs' petition against the four defendants (Sperry, Prater, E.E.N.T. and Cox) amount to one cause of action, venue in the City of St. Louis is proper because Sperry had a registered agent, C.T. Corporation, in the City of St. Louis. *State ex rel. Whiteman v. James,* 364 Mo. 589, 265 S.W.2d 298 (banc 1954).

(2) If the assertions of liability made in plaintiffs' petition against the four defendants amount to a cause of action against Sperry and a separate cause of action against Prater, E.E.N.T. and Cox, venue in the City of St. Louis is improper because the joinder of two or more separate causes of action in a single petition does not create venue as to both causes in the City of St. Louis. *State ex rel. Turnbough v. Gaertner,* 589 S.W.2d 290 (Mo. banc 1979).

■ (3) Prater, E.E.N.T. and Cox cannot be held liable for the original harm alleged to have been inflicted by Sperry in Barry County, but only for the additional harm alleged to have been caused by their treatment of the eye in Greene County. *State ex rel. Baldwin v. Gaertner,* 613 S.W.2d 638 (Mo. banc 1981).

■ (4) Sperry can be held liable for damages arising from the original harm alleged to have been inflicted by Sperry in Barry County and from the subsequent harm alleged to have been caused by the treatment in Greene County. *Boehmer v. Boggiano,* 412 S.W.2d 103, 108 (Mo.1967).

■ (5) If recovery is had against Sperry for all damages arising from the original harm *and* the subsequent harm, Sperry is afforded "a separate cause of action" against Prater, E.E.N.T. and Cox for the proportionate amount of liability based on their relative fault. *Safeway Stores, Inc. v. City of Raytown,* 633 S.W.2d 727, 732 (Mo. banc 1982).

■ *We reach the following conclusions:* this case is controlled by *Turnbough, supra,* and, because plaintiffs have a separate cause of action against Sperry and a separate cause of action against Prater, E.E.N.T. and Cox, venue in the City of St. Louis is improper.

■ However, plaintiffs are not without a forum. They may sue Sperry alone in St. Louis County or in Greene County (where Sperry has offices for the transaction of its usual and customary business) for all damages suffered. § 508.040, RSMo 1978. Plaintiffs may not sue Sperry alone in the City of St. Louis. *State ex rel. Whaley v. Gaertner,* 605 S.W.2d 506 (Mo.App.1980).

The provisional rules in prohibition are made absolute.

RENDLEN, C.J., HIGGINS, GUNN and BILLINGS, JJ., and MORGAN, Senior Judge, concur.

BLACKMAR, J., dissents in separate opinion filed.

WELLIVER, J., not sitting.

BLACKMAR, Judge, dissenting.

I dissent, and would quash our provisional rule in prohibition.

*State ex rel. Turnbough v. Gaertner,* 589 S.W.2d 290 (Mo. banc 1979), is distinctly different from the cases now before us. The principal opinion asserts that *Turnbough* is controlling on the basis that the products liability claim against Sperry and

the malpractice claims against the medical defendants constitute different "causes of action" for venue purposes. The hoary phrase, "cause of action," is not a precise tool of analysis. The term is not found in the governing statutes or rules. It was used in *Turnbough,* in which a plaintiff sought to join two defendants who allegedly had negligently caused him damage in separate accidents, six days apart. We held that, under the facts there pleaded, the joinder provisions of Rule 52.05(a), even if applicable (which we did not decide), could not support venue as to a defendant who could not otherwise be sued in the county in which the suit had been filed. Even though the two accidents in *Turnbough* might have constituted a series of transactions or occurrences, and could be considered to present a common question of fact as to which defendant was responsible for the bulk of plaintiff's injuries so as to permit joinder under Rule 52.05(a), neither defendant had any liability for damage caused by the other.

The situation in the present case, however, is distinguishable. It is well established in our law that Sperry, if liable at all, would be liable for all of plaintiff's ensuing damages, including damages for any medical malpractice. The medical defendants would be liable, if malpractice is established, only for the augmentation of damage resulting from their own negligence. *See State ex rel. Normandy Orthopedics v. Crandall,* 581 S.W.2d 829 (Mo. banc 1979); *Schumacher v. Leslie,* 360 Mo. 1238, 232 S.W.2d 913 (1950); *Parkell v. Fitzporter,* 301 Mo. 217, 256 S.W. 239 (1923); *Staehlin v. Hochdoerfer,* 235 S.W. 1060 (Mo.1921); *State ex rel. Blond v. Stubbs,* 485 S.W.2d 152 (Mo.App.1972). The two groups of defendants, then, well may share common liability with respect to any aggravation of the plaintiff's injury through ensuing malpractice. *Schumacher,* 232 S.W.2d at 917.

That *Turnbough* is distinctly different from the case now before us is made clear by both the majority and the dissenting opinions in *State ex rel. Normandy Orthopedics v. Crandall,* 581 S.W.2d 829 (Mo. banc 1979). There the plaintiff suffered a fracture of the femur requiring an open reduction. He settled with the person who caused the initial injury, and then sued the treating physicians for negligence in the open reduction. The court majority, recognizing that the original tort-feasor would be liable for all damage if the injuries were found to have been aggravated through malpractice, went on to hold that there was a question of fact as to whether the release was intended to bar the malpractice action. The minority held that that action would be barred as a matter of law by a release which did not make it clear that damages resulting from malpractice were not released. The majority opinion cited earlier decisions which seemed to support the minority's view and emphasized that they were not overruled except insofar as they precluded consideration of the question of fact which the majority found. The majority clearly held that an unequivocal release of all claims arising out of the initial accident would bar the malpractice claims. Neither the majority nor the minority apparently found it necessary or helpful to discuss the question whether the initial accident and the malpractice claims constituted separate "causes of action."

In the *Turnbough* situation, by contrast, a settlement by one defendant would have absolutely no effect on any judgment against the other. The jury, or juries, would be instructed that each defendant is liable, if at all, only for the injuries directly resulting from the accident involving that defendant. It would make no difference whether the accidents were six days or six years apart.

Suppose that the manufacturer in the present case should make a payment to the plaintiff in return for a covenant not to sue, after which the case against the medical defendants went to trial and judgment for the plaintiff. Those defendants would be entitled to credit for the amount of the settlement, on the basis that "there can be but one satisfaction for the same wrong." *Abbott v. City of Senath,* 243 S.W. 641, 642 (Mo.1922); *State ex rel. Normandy Orthopedics v. Crandall, supra* at 831. If the

medical defendants were to settle by covenant, the manufacturer would likewise be entitled to credit on any judgment rendered against it. I find it unhelpful and diversionary to speculate as to whether two wrongs which contribute to the same injury constitute separate causes of action.

There might be manifest convenience, furthermore, in trying the two present claims together, in accordance with the teaching of *State ex rel. Farmers Insurance Co. v. Murphy,* 518 S.W.2d 655 (Mo.1975). *See also State ex rel. Blond v. Stubbs,* 485 S.W.2d 152 (Mo.App.1972). This is especially so because, as the principal opinion points out, Sperry might have a claim over against the medical defendants if the injuries were aggravated through malpractice. *Safeway Stores, Inc. v. City of Raytown,* 633 S.W.2d 727 (Mo. banc 1982); *State ex rel. Baldwin v. Gaertner,* 613 S.W.2d 638 (Mo. banc 1971); *Boehmer v. Boggiano,* 412 S.W.2d 103 (Mo.1967). The fact that Sperry's claim against the medical defendants could be separately maintained does not mean that it would not be permissible to try it along with the plaintiff's initial claim.

*Turnbough* quite properly observes that venue is established by statute and that, by the express terms of Rule 51.01, court rules cannot limit or extend the statutory requirements for venue. What the opinion overlooks, however, is that Rule 52.05(a) is virtually identical to § 507.040.1, RSMo 1978. The authority for joinder, then, comes directly from the legislature and has not been enlarged by court rule.

Some of our earlier cases, with problems of venue very much in mind, took a highly restrictive view of the joinder provisions of Rule 52.05(a).[1] These holdings were disapproved in *State ex rel. Farmers Insurance v. Murphy, supra,* written by the author of the *Turnbough* opinion, and containing extensive discussion. The holding in the principal opinion would mark a retreat from

*Murphy* and a departure from the line of modern authority giving broad effect to provisions similar to Rule 52.05(a).[2]

Any intimation that the Civil Code of 1943 had no effect on the venue statutes is refuted by *State ex rel. Garrison Wagner Co. v. Schaaf,* 528 S.W.2d 438 (Mo. banc 1975), holding that a third party claim does require a showing of independent grounds for venue. The case overruled *State ex rel. Carney v. Higgins,* 352 S.W.2d 35 (Mo.1961), and would appear to be a part of the same development of the law as is demonstrated by *State ex rel. Farmers Insurance v. Murphy, supra,* in its overruling of several prior cases. (Note 1, *supra*). The Court advocated a construction which would permit common questions to be decided on one lawsuit rather than two. *State ex rel. O'Keefe v. Brown,* 361 Mo. 618, 235 S.W.2d 304 (Mo.1951), is sometimes cited for the proposition that the joinder rule "is not a venue statute." That case involved an attempt to join a motor carrier with an individual defendant in a county which had no connection with the case or the parties. The plaintiff relied on a statute providing that suit against a motor carrier could be brought in any county "where the motor carrier or contract hauler operates." The Court held that that statute applied only when the common carrier was the sole defendant, whereas the general venue statute (predecessor of § 508.010) controlled when there was more than one defendant. The case did not hold that the joinder was improper and did not hold that the several defendants of different residence could not be sued in the same county. To the extent that the case suggests that the procedural statutes (now rules) cannot affect the venue of actions, it is inconsistent with the later case of *State ex rel. Allen v. Barker,* 581 S.W.2d 818 (Mo. banc 1979), and *State ex rel. Garrison Wagner Co. v. Schaaf, supra.*

---

1. *See, e.g., State ex rel. Adrian Bank v. Luten,* 488 S.W.2d 636 (Mo. banc 1973); *Wells v. Hartford Accident & Indemnity Co.,* 459 S.W.2d 253 (Mo. banc 1970); *State ex rel. Campbell v. James,* 263 S.W.2d 402 (Mo. banc 1953); *State ex rel. Cozean v. Meyer,* 449 S.W.2d 377 (Mo.App.1969).

2. *See* Wright and Miller, 7 Federal Practice & Procedure § 1653 at 268–74 (1972).

I do not sense in *Turnbough* any purpose of overruling the unanimous holding in *State ex rel. Allen v. Barker, supra,* reached only eight months earlier. The prior case is not even cited in the opinion. It is more reasonable to assume that the *Turnbough* court did not find there the "logical relationship" or "common core" that was found in the earlier case. The *Turnbough* court, unfortunately, analyzed the case in terms of "cause of action" rather than by using the procedural analysis which other recent cases have found to be more appropriate, as is shown by the highly appropriate quotation from *State ex rel. Allen v. Barker* (l.c. 827), as follows:

> The case at bar is much like one in which a plaintiff is physically injured by first one defendant, then another, and then another, so that it is extremely difficult or impossible to sort out the injuries attributable to each and joinder is thus the most feasible and economical manner available for plaintiff to pursue his claims.

That case held that independent grounds for venue did not have to exist as to the defendants properly joined in the case. The case involved a series of broadcasts by different broadcasters, containing similar libelous statements. The plaintiff resided in and brought suit in Dallas County. Dallas County defendants were named, so as to lay a foundation for venue under § 508.010(2). One corporate defendant, which broadcast in Greene County and had its principal place of business in Greene County, moved to dismiss for improper venue. This Court held that the motion was not well taken, and that the several claims, though arising out of separate broadcasts, were logically related to each other and could be and should be joined. The opinion states that the tests for proper joinder are presence of "enough ultimate factual concurrences" and the fact that the claims are "logically related," and considered venue to be a consequence of proper joinder. The opinion did not discuss the phrase "cause of action" or

suggest that that phrase was a useful concept in determining propriety of joinder and venue. It is doubtful that the unrelated publication of separate libelous statements by different publishers would constitute a single cause of action in any sense of the term, but the Court nevertheless responded unanimously in upholding the venue.

The foregoing analysis shows that our holdings about such matters as joinder, third party practice, and venue have not been wholly consistent or coherent, but that most later cases have opted in favor of broad joinder and of a finding of proper venue when closely related claims are joined. In this state of the authorities I would confine *Turnbough* to its particular facts and would hold that, when defendants who may be liable for a single injury are joined, suit may be brought in the county of residence of any defendant pursuant to § 508.010(2). I see no utility in the phrase "cause of action" in these situations. *Turnbough,* so far as I can tell, is the only post-1943 case which holds that joinder and venue are not coterminous unless the case involves a single cause of action. I consider it a sport.

I am sure that the court majority is concerned because physicians in Springfield have been hailed into court in the City of St. Louis when the sole St. Louis connection is found in the presence of Sperry Corporation's registered office, which is not connected with Sperry's business but rather is maintained by a professional corporation service company. I would be willing to consider a modification or rejection of the holding of *State ex rel. Whiteman v. James,* 265 S.W.2d 298 (Mo. banc 1954), which observes that under § 351.375, RSMo 1978 the registered office constitutes the residence of the corporation for all purposes.[3] This holding leads to the anomalous situation in which a corporation may not be sued in the county in which its registered office is located if it is the sole defendant, unless it transacts some portion of its business in that county, *State ex rel. Whaley v. Gaert-*

---

3. One might wonder whether a corporation statute would be effective to modify the venue statutes, under the rule of *State ex rel. McNary v. Stussie,* 518 S.W.2d 630 (Mo. banc 1974).

*ner,* 605 S.W.2d 506 (Mo.App.1980), construing § 508.040, RSMo 1978; but may be sued there, along with the individuals, if there are properly joined individual defendants residing in other counties. In this case Sperry does not have a place of business in the City of St. Louis and no other party has any connection at all with St. Louis.

The courts are not without power to take corrective action if the action is commenced in a remote jurisdiction. The doctrine of *forum non conveniens* is available to the trial court and may be used to prevent a trial from going forward in a jurisdiction which is manifestly inconvenient to the parties and to which no party has a substantial connection.[4] The application of this doctrine is a matter of discretion and not ordinarily subject to control through the use of extraordinary writs, but there is such a thing as abuse of discretion, especially when no party has any relationship whatsoever with the forum in which the case is pending and a Missouri venue is available in which all defendants may be sued together. I would consider concurring in result on the basis that a failure to apply the doctrine would represent an abuse of discretion.

I do not read the principal opinion as intimating that suit against all defendants could not be brought in Greene County. The medical defendants appear to be residents of Greene County, so as to make venue proper as to them and those properly joined with them, and Sperry has an office for transaction of business in Greene County.

The majority opinion imposes unnecessary and artificial restraints on the free joinder of parties in a manner neither required nor contemplated by the governing statutes and conforming rules. The provisional rule should be quashed.

---

4. *State ex rel. Chicago, Rock Island and Pacific Railroad Company v. Riederer,* 454 S.W.2d 36 (Mo. banc 1970); *Loftus v. Lee,* 308 S.W.2d 654 (Mo.1958); *Elliott v. Johnston,* 365 Mo. 881, 292 S.W.2d 589 (1956).