Court of the City of St. Louis against the Bella Villa police officer and the City of Bella Villa.

Respondent is a circuit judge in the City of St. Louis. Relator, City of Bella Villa, contends the City of St. Louis is not the proper venue for suits against it, and, because of this improper venue, relator argues, respondent's court lacks jurisdiction to proceed.[1] Relator relies on § 508.050,[2] which requires that "[s]uits against municipal corporations as defendant or *codefendant* shall be commenced *only* in the county in which the municipal corporation is situated."[3] (Emphasis added) Relator asserts and respondent admits that the City of Bella Villa is a municipal corporation situated entirely in St. Louis County, Missouri. Respondent, however, contends § 508.010, rather than § 508.050, controls, and, under § 508.010, the City of St. Louis is the proper venue for the wrongful death action. We disagree.

Section 508.050 is a special venue statute which pertains only to suits brought against municipal corporations. *See, e.g., State ex rel. Milham v. Rickhoff*, 633 S.W.2d 733, 734 (Mo. banc 1982). Section 508.010 is a general venue statute. *See, e.g., State ex rel. Coca Cola v. Gaertner*, 681 S.W.2d 445, 447 (Mo. banc 1984). When a general and a special statute deal with the same subject matter, the specific statute prevails over the general one. *E.g., Dover v. Stanley*, 652 S.W.2d 258, 263 (Mo. App.1983). Consequently, § 508.050 is controlling.

The purpose of § 508.050 is to prevent local government officials from defending lawsuits in courts across the state. *State ex rel. Milham*, 633 S.W.2d at 735. This legislative intent is made clear by the statute's unambiguous language. Relator can be sued only in St. Louis County, Missouri.

Preliminary writ of prohibition is made permanent.

GAERTNER, P.J., and KAROHL, J., concur.

HOWARD QUARRIES, INC., Appellant,

v.

Terry BESSINGER, and, Wal-Mart Properties, Inc., and, Delaware McDonald's Corp., and, OTR, a General Partnership, and, State of Missouri, Respondents.

No. WD 36337.

Missouri Court of Appeals, Western District.

Sept. 17, 1985.

---

1. "Normally, venue and jurisdiction are independent terms, having separate and distinct meanings. Venue means the place where a case is to be tried, and jurisdiction relates to the power of the court to hear and determine the case.....

Missouri case law [however] has provided a unique melding of venue and jurisdiction and by a long line of cases has held that proper venue is a condition precedent to valid service of process and jurisdiction." *Sullenger v. Cooke Sales & Service Co.*, 646 S.W.2d 85, 88 (Mo. banc 1983). Thus, improper venue "is a defect of a jurisdictional nature which authorizes the issuance of a writ of prohibition." *State ex rel. Marlo v. Hess*, 669 S.W.2d 291, 292 (Mo.App. 1984).

2. All statutory references are to RSMo 1978, unless otherwise stated.

3. Section 508.050 provides:
Suits against municipal corporations as defendant or codefendant shall be commenced only in the county in which the municipal corporation is situated, or if the municipal corporation is situated in more than one county, then suits against the municipal corporation shall be commenced only in that county wherein the seat of government of the municipal corporation is situated; except that suits may be brought against a city containing more than four hundred thousand inhabitants in any county in which any part of the city is situated.

James D. Worthington, Lexington, for appellant.

Robert J. Bjerg, Kansas City, for respondents.

Before SHANGLER, P.J., and TURNAGE and BERREY, JJ.

### ORDER

PER CURIAM:

Appeal from dismissal of suit to enforce a mechanic's lien, for failure to give proper notice of the claim, under section 429.100, RSMo (1978).

Judgment affirmed. Rule 84.16(b).

**Richard SMALLWOOD,
Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 13934.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 23, 1985.

Frederick W. Martin, III, West Plains, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Chief Judge.

Movant filed a motion under Rule 27.26 seeking to vacate a conviction of rape for which movant was sentenced to 20 years' imprisonment. The conviction occurred after movant had entered a plea of guilty. Following an evidentiary hearing the trial court entered findings of fact and conclusions of law and denied the motion to vacate. Movant appeals.

Appellate review is to determine whether the trial court's findings, conclusions, and judgment are clearly erroneous. Rule 27.-26(j). Those findings are clearly erroneous