STATE ex rel. Adelaide H. P. BITTING, Relator,

v.

The Honorable George A. ADOLF, Judge, Circuit Court of the City of St. Louis, Respondent.

No. 67350.

Supreme Court of Missouri, En Banc.

Feb. 18, 1986.

Cordell Siegel, David C. Lanigan, Cynthia Nangle Bitting, St. Louis, for relator.

John B. Singleton, Dennis C. Burns, Gary D. McConnell, St. Louis, for respondent.

BLACKMAR, Judge.

By this opinion we overrule *Sperry Corporation v. Corcoran*, 657 S.W.2d 619 (Mo. banc 1983).

The relator, Adelaide H.P. Bitting, a resident of St. Louis County, filed suit in the Circuit Court of the City of St. Louis against Ida Helene Jones, Barnes Hospital, Washington University Medical Center, and Washington University. The claim against Jones, a resident of St. Louis County, was for personal injuries said to result from a traffic accident in that county. The other defendants were sought to be held for alleged malpractice in the treatment of the injuries resulting from the accident. The plaintiff sought to support venue against all of the defendants on the ground that Barnes Hospital and Washington University Medical Center are corporations having their registered offices and principal places of business in the City of St. Louis.

Defendant Jones moved to dismiss the case against her for improper venue. The respondent judge sustained the motion under the authority of *Sperry*. We issued our provisional rule in prohibition to consider whether that case should be overruled.

The relator points to the manifest convenience of litigating overlapping claims in a single lawsuit. By familiar law,[1] a person who negligently causes an

---

1. *See State ex rel. Normandy Orthopedics v. Crandall*, 581 S.W.2d 829 (Mo. banc 1979); *Schumacher v. Leslie*, 360 Mo. 1238, 232 S.W.2d 913 (1950); *Parkell v. Fitzporter*, 301 Mo. 217,

accident is liable for all damages caused by the accident, including malpractice damages for negligent treatment of the resulting injuries. The medical defendants, however, are liable only for that portion of the total damages which is caused by their malpractice. The two sets of defendants, then, may be liable jointly and severally for a portion of the plaintiff's damages. By reason of our decisions in *Missouri Pacific R. Co. v. Whitehead & Kales Co.*, 566 S.W.2d 466 (Mo. banc 1978) and *Gustafson v. Benda*, 661 S.W.2d 11 (Mo. banc 1983), the element of convenience in consolidated litigation is enhanced, because of the greater interrelation of the claims of the parties.[2] *Sperry*, however, stands as a bar to consolidation.

    Interests of convenience, of course, cannot justify the maintenance of a suit in violation of the venue statutes. We believe, however, that *Sperry* enunciated an unduly restrictive application of the concept of the "cause of action," which is a term found neither in venue statutes nor the Rules of Civil Procedure. We now hold that when there are several defendants, some individuals and some corporations,[3] and when they may share liability for all or part of the plaintiff's claim against them, suit may be brought in the county in which any defendant resides pursuant to § 508.-010, RSMo 1978. The presence of an additional claim against one defendant, in which others are not involved, should not stand in the way.

Our holding is consistent with the general line of cases which treat of the interrelation of the venue statutes and the rules governing joinder of claims. (Rule 52.-05(a), based on § 507.040, RSMo 1978).[4] *State ex rel. Farmers Insurance Co., Inc.*

*v. Murphy*, 518 S.W.2d 655 (Mo. banc 1975), gave general sanction to venue in the county of residence of any properly joined defendant. *State ex rel. Garrison Wagner Co. v. Schaaf*, 528 S.W.2d 438 (Mo. banc 1975), held that a third-party claim could be maintained in a lawsuit without regard to the residence of the third-party defendant. There, as here, the element of convenience was strong. If the claims now before us had been separately filed, the case might indeed be converted into a lawsuit indistinguishable from this one by means of third-party proceedings. Our conclusion accords with prior cases and with the letter and spirit of the governing statutes and rules.

The provisional rule is made absolute. The respondent is prohibited from dismissing relator's claim against Jones for improper venue.

HIGGINS, C.J., and BILLINGS, WELLIVER, ROBERTSON and RENDLEN, JJ., concur.

DONNELLY, J., concurs in separate opinion filed.

DONNELLY, Judge, concurring.

In *Gustafson v. Benda*, 661 S.W.2d 11 (Mo. banc 1983), this Court moved toward assuring that each party to an occurrence "should bear responsibility only in proportion to his fault." *Steinman v. Strobel*, 589 S.W.2d 293, 296 (Mo. banc 1979) (Donnelly, J., dissenting).

In my view, the principal opinion is another step in that direction and *Sperry* is no longer viable.

I concur.

---

256 S.W. 239 (1923); *Staehlin v. Hochdoerfer,* 235 S.W. 1060 (Mo.1921); *State ex rel. Blond v. Stubbs,* 485 S.W.2d 152 (Mo.App.1972).

**2.** Joinder of claims in the same lawsuit does not necessarily lead to a single trial. The trial court retains the discretion to order separate trials pursuant to Rule 66.02. Convenience would nevertheless be promoted because inconsistent findings on questions of mutual concern could be avoided.

**3.** Different venue problems are presented when all defendants are corporations. *State ex rel. Whaley v. Gaertner,* 605 S.W.2d 506 (Mo.App. 1980).

**4.** *See* extensive discussion in *Sperry Corporation v. Corcoran,* 657 S.W.2d 619, 621 (Mo. banc 1983), Blackmar, J., dissenting.