STATE of Missouri, ex rel. CITY OF SPRINGFIELD, Missouri, Through the BOARD OF PUBLIC UTILITIES, Relator,

v.

Hon. Charles V. BARKER, Respondent.

No. 15508.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 16, 1988.

**732**

Lynn E. Heitman, Springfield, for respondent.

Rex C. McCall, Springfield, for relator.

### ORIGINAL PROCEEDING IN PROHIBITION

MAUS, Judge.

By this proceeding in prohibition the relator, City of Springfield, seeks to prohibit the respondent, Circuit Judge Charles V. Barker, from proceeding against it in an action filed in the Circuit Court of Webster County. This court granted its preliminary order. Rule 97.04. The pleadings establish the following basis for the relief sought. Rule 97.03.

The petition in the underlying action is in one count. The plaintiff is Burnup and Sims, Inc., a contracting firm. The defendants are the City of Fordland, Webster County, Missouri, and the City of Springfield, Greene County, Missouri. Directly or by intendment the petition alleges the following. The plaintiff was laying telephone cable in the City of Fordland. Fordland had contracted with City Utilities of Springfield to locate water lines in Fordland. In attempting to locate such lines, an employee of City Utilities punctured a telephone cable that had been laid by the plaintiff.

That at all time [sic] relevant hereto, the said employee was acting as an agent and employee of City Utilities of Springfield under the control and supervision of the said Defendant and was acting in the course and scope of his employment either as an agent of said City Utilities, and/or as a borrowed servant and agent under the direction and control of the City of Fordland pursuant to said City Utilities contract with the City of Fordland.

The petition further alleges the plaintiff had to replace the punctured cable at a cost of $16,650.91. The prayer was for judgment for that amount against both defendants. The City of Springfield filed its motion to dismiss alleging that Springfield is in Greene County and the action was filed in an improper venue. The circuit court overruled the motion.

The City of Springfield relies upon § 508.050, the relevant part of which provides: "Suits against municipal corporations as defendant or codefendant shall be commenced only in the county in which the municipal corporation is situated, ...."

The City of Springfield contends that provision is mandatory, admits of no exception and that the Circuit Court of Webster County has no jurisdiction to entertain an action against a municipal corporation located in Greene County. The respondent contends that § 508.050 must be construed to admit to an exception when two defendants are municipal corporations located in different counties.

█ A venue statute, although absolute in terms, when construed with other statutes is not always without exception. For example, such a statute is subject to the general rule that a specific statute prevails over a general statute, although the latter

contains no exception in its terms. *State ex rel. City of Bella Villa v. Nicholls,* 698 S.W.2d 44 (Mo.App.1985); *State ex rel. City of Springfield v. Crouch,* 687 S.W.2d 639 (Mo.App.1985). Upon this basis § 508.050 has been held to prevail over the general venue statute, § 508.010. *State ex rel. City of Bella Villa v. Nicholls,* supra. It was also upon this basis that the Circuit Court of Christian County was determined to be a permissible venue in which a discharged employee of the City of Springfield could file a petition for review of the decision of the Springfield Personnel Board affirming his dismissal. *State ex rel. City of Springfield v. Crouch,* supra. Upon a similar basis, it is held that Cole County, generally the proper venue for actions against the State Highway and Transportation Commission, is not the proper venue for an action for inverse condemnation or to declare a highway abandoned. The proper venue is the county in which the land is located. *Gorman v. State Highway Commission,* 552 S.W.2d 335 (Mo.App. 1977). Further, venue statutes, absolute in their terms, do not require third party actions filed pursuant to Rule 52.11 to independently comply with those statutes. *State ex rel. Garrison Wagner Co. v. Schaaf,* 528 S.W.2d 438 (Mo. banc 1975). More on point is the exception established in respect to counterclaims. "These cases, in our opinion, support the conclusion that our counterclaim statute (§ 509.420, RSMo 1949) and the superseding rule (Civil Rule 55.45, V.A.M.R.) have, in effect, carved out an exception to the requirement of § 508.030." *Hughes v. Spence,* 409 S.W.2d 701, 706 (Mo.1966).

At one time it was held "the joinder of two or more separate causes of action in a single petition does not create venue as to both causes.... " *Sperry Corp. v. Corcoran,* 657 S.W.2d 619, 621 (Mo. banc 1983). Also see *State ex rel. Turnbough v. Gaertner,* 589 S.W.2d 290 (Mo. banc 1979). However, the relationship between the venue statutes and the statutes and rules pertaining to joinder is now established by *State ex rel. Bitting v. Adolf,* 704 S.W.2d 671 (Mo. banc 1986), overruling *Sperry Corp. v. Corcoran,* supra. In *Bitting* a plaintiff filed suit in the Circuit Court of the City of St. Louis against an individual defendant and Barnes Hospital, Washington University Medical Center and Washington University. The plaintiff was a resident of St. Louis County. The claim against the individual defendant, who resided in St. Louis County, was for personal injuries from an accident in St. Louis County. The plaintiff's claim against the institutions was for medical malpractice in treatment of those injuries. The institutions had their registered offices and principal places of business in the City of St. Louis. The Supreme Court of Missouri denied the individual defendant's claim of improper venue. The court held:

> We now hold that when there are several defendants, some individuals and some corporations, and when they may share liability for all or part of the plaintiff's claim against them, suit may be brought in the county in which any defendant resides pursuant to § 508.010, RSMo 1978. The presence of an additional claim against one defendant, in which others are not involved, should not stand in the way.

*Id.* at 673 (footnote omitted). The court further concluded "[o]ur holding is consistent with the general line of cases which treat of the interrelation of the venue statutes and the rules governing joinder of claims." *Id.* In so holding the court reached the result postulated by the dissenting opinion of Judge Blackmar in *Sperry Corp. v. Corcoran,* supra. It also followed *State ex rel. Allen v. Barker,* 581 S.W.2d 818 (Mo. banc 1979), in which the court said: "The question of proper venue must be resolved by the statutes relating to venue and by the rules relating to the propriety of joinder of defendants, for the question of venue is contingent upon proper joinder of parties defendant." *Id.* at 825. In that case the court further observed that the proper joinder of defendants extends not only to defendants in the same cause of action but to claims that are "logically related" as discussed in that case.

The purpose of § 508.050 is to avoid "the necessity of local government officials defending suits in courts across the state." *State ex rel. Milham v. Rickhoff,* 633 S.W. 2d 733, 735 (Mo. banc 1982). Also see *State ex rel. City of Springfield v. Crouch,* supra. However, the public policy of this state is also to provide for the efficient, economical disposition of claims. That policy has been expressed in the following language.

When we consider that procedural statutes are to be liberally construed and that the obvious purpose of the third-party practice is to reduce the number of cases filed and to provide a more prompt, efficient and economical method for disposing of litigation we cannot conclude that the legislature intended to require that third-party claims independently comply with venue requirements.

*State ex rel. Garrison Wagner Co. v. Schaaf,* supra, at 442.

Any intimation that the Civil Code of 1943 had no effect on the venue statutes is refuted by *State ex rel. Garrison Wagner Co. v. Schaaf,* 528 S.W.2d 438 (Mo. banc 1975), holding that a third party claim does require a showing of independent grounds for venue. The case overruled *State ex rel. Carney v. Higgins,* 352 S.W.2d 35 (Mo.1961), and would appear to be a part of the same development of the law as is demonstrated by *State ex rel. Farmers Insurance v. Murphy,* [518 S.W.2d 655 (Mo.1975)], in its overruling of several prior cases.... The Court advocated a construction which would permit common questions to be decided on one lawsuit rather than two.

Dissenting opinion of Judge Blackmar, *Sperry Corp. v. Corcoran,* supra, at 623.

■ In the underlying actions the two municipal corporations are properly joined as defendants. It is impossible to apply § 508.050. When two municipal corporations of different counties are defendants, the statutes and rules pertaining to joinder, reflecting the public policy referred to above, carve out an exception to § 508.050. Cf. *Hughes v. Spence,* supra. In such cir-

cumstance an action may be commenced in either county in which a defendant municipal corporation is situated. The preliminary order of the court was improvidently issued and is quashed.

PREWITT, P.J., and HOGAN and FLANIGAN, JJ., concur.